IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRASS VALLEY TERRACE, A CALIFORNIA LIMITED PARTNERSHIP, et al., | ) | |
| Plaintiffs, | ) | No. 98-726C (Chief Judge Damich) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO SERVE EXPERT REPORT, CLOSE EXPERT DISCOVERY, AND FILE STATUS REPORT

Defendant respectfully requests an enlargement of time of 14 days, to and including August 20, 2004, within which to serve its expert report upon plaintiffs, and for corresponding enlargements of time for the completion of expert discovery and for the filing of a status report, to and including September 10 and September 20, 2004,[1] respectively. Pursuant to the Court's order of February 20, 2004, defendant's expert report is due on August 6, 2004, discovery is to close on August 27, 2004, and a status report is to be filed on September 3, 2004. This is our first request for an enlargement of time for this purpose, although we have previously requested and have been granted enlargements of time within which to complete fact discovery. Plaintiffs' counsel has authorized us to state that plaintiffs do not oppose this motion.

We recognize that, in its February 20, 2004 order, the Court stated that "[n]o further extensions of time will be granted in this case." However, the Government's expert requires

[1] A 14-day enlargement of time for the status report would run to Friday, September 17, 2004, but Government counsel will be observing the Jewish New Year on September 16 and 17, 2004. September 20 is the next business day.

additional time within which to compete his report in this case for reasons that beyond his or the Government's control.

The Government has retained Dr. William G. Hamm to give expert testimony in this case. Dr. Hamm has also bee retained by the Government to give expert testimony in several other cases, including American Capital Corporation v. United States, No. 95-523C (Fed. Cl.), and Bank of America, FSB. v. United States, No. 95-660C (Fed. Cl.). See attached Declaration of William G. Hamm ("Hamm Decl.") ¶ 1.

A principal part of the testimony that Dr. Hamm expects to give in this case is an analysis of the content and methodology of the damages model presented by plaintiffs' expert witness, and he intends to include this analysis in his expert report. Based upon the schedule established by the Court's February 20, 2004 order in this case, and based upon the trial schedules in American Capital and Bank of America, we expected that he would have at least two weeks within which to analyze plaintiffs' expert report and address it in his report. Plaintiffs' expert report in this case was due on July 16, 2004, and that the Government's was due on August 6, 2004. Dr. Hamm's testimony in American Capital was not expected to affect this effort, because he was scheduled to complete his testimony in that case in June 2004. In Bank of America, he was scheduled to testify some time during the week of July 19, 2004. Hamm Decl. ¶¶ 2-3.

Dr. Hamm did begin his testimony during the week of July 19, 2004, but this . testimony, including cross-examination, was not completed that week, and he was required to resume his testimony on Tuesday, July 27, 2004, and to continue the following day. He did not return to his office in Emeryville, California, until the evening of July 28, 2004. Prior to that

time, he was able to do little more than read the "Summary of Opinions" section and review some of the attached exhibits. Hamm Decl. ¶¶ 4-5.

In addition, Dr. Hamm's testimony in American Capital was not completed in June as expected. Trial in that case adjourned in June, but he is scheduled to resume his testimony on August 9, 2004, and he will have to return to Washington, D.C. for this purpose on August 8, 2004. As a result, he will have to devote some time during the first week in August preparing for that testimony. Hamm Decl. ¶ 6.

Because of these developments in American Capital and Bank of America, Dr. will have had only approximately one week within which to address plaintiffs' expert report by the time his report in this case will be due. In order to properly address plaintiffs' damages analysis in his expert report, he will require at least one additional week after completing his testimony in American Capital. Hamm Decl. ¶ 7.

For the foregoing reasons, defendant should be granted a two-week enlargement of time, to and including August 20, 2004, within which to serve its expert report upon plaintiffs. Additionally, in order to maintain the amount of time provided in the February 20, 2004 order, after service of the Government's expert report, for completion of expert discovery and for the filing of a status report, the time for these actions should likewise be extended two weeks.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

Filed electronically

s/Shalom Brilliant
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

July 30, 2004