IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRASS VALLEY TERRACE, A CALIFORNIA LIMITED PARTNERSHIP, et al., Plaintiffs, | ) | No. 98-726C (Chief Judge Damich) |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of October 5, 2004, the parties respectfully submit this status report addressing further proceedings in this case.

The parties do not intend to file dispositive motions in this case and believe that the case should proceed to trial.

The parties have identified the following issues that may affect proceedings in this case:

- Plaintiffs currently are evaluating whether to file a motion to consolidate a number of pending actions, including this case, before the judge in Franconia Associates v. United States, No. 97-381C (Fed. Cl.). Counsel for the plaintiffs in the above-captioned action and Franconia also represent the plaintiffs in numerous other similar civil actions now pending in the Court of Federal Claims, including Adams v. United States, No. 96-699C, consolidated with Bellas Domas v. United States, No. 98-826C; A.F.T.E.R., Inc. v. United States, No. 03-CV-2264C; Allegre Villa v. United States, No. 98-823C; and forty-eight other actions that have been filed with the Court since August 6, 2004. Given that the Franconia case has been fully tried and will reach final judgment in the near future, and that

any appeal to the Federal Circuit in Franconia will directly impact all of the other pending cases, plaintiffs believe that there are numerous efficiencies that would be gained by consolidating all of the cases before the judge in Franconia. The Government will likely oppose consolidating all of the cases before a single judge.[1] Thus, any motion to consolidate that plaintiffs may file likely will impact the course of further proceedings in this case. Until a final judgment is issued in Franconia, however, plaintiffs will not be in a position to fully evaluate whether to file their potential motion to consolidate.

- The parties have discussed the location for trial, but have thus far been unable to agree upon any one location. The cities identified by the parties for consideration are Madison, Wisconsin, Minneapolis, Minnesota, or Washington, D.C.
- When this case is set for trial, the parties request that pretrial proceedings in this case advance in accordance with RCFC Appendix A, ¶¶ 13-17. If the Court intends to set a trial date at this time, the parties request that the Court set trial during the time period of May through August of 2005, with the exact date of trial be to determined upon the Court's and the parties' availability and prior commitments. By requesting trial during this period, the parties seek sufficient time to, among other things, fully assess and implement the Court's recent decision in Franconia, which may affect how the parties proceed in this case. As previously reported, Franconia, which was tried in June 2003, involves many of

[1] The Government would not oppose a more limited consolidation. For example, where a single judge has been assigned more than one prepayment case, the Government would not oppose consolidating those actions before that judge.

the same legal and factual issues as are involved in this case. The expert witnesses who testified in Franconia are expected to testify in this case as well, and it is also likely that there will be other overlapping evidence in both cases. In addition, the parties currently are preparing, among other things, a joint report to be filed with the Court in the Franconia action. This report, currently due for filing on October 15, 2004, will include proposed damage figures for entry as final judgment amounts. Until this report is filed, no final judgment can be entered in Franconia, and no appeal can be commenced. Thus, the parties are not yet in a position to fully evaluate how future proceedings in Franconia may affect the future proceedings in this case. The parties also believe that scheduling trial for the Spring or Summer of 2005 will provide the parties sufficient time to stipulate to as many facts as possible. Such stipulations will have the effect of minimizing the time and expense of presenting evidence during the course of the trial.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/ David M. Cohen**
DAVID M. COHEN
Director

**s/ Jeff H. Eckland**
JEFF H. ECKLAND
Eckland & Blando
700 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
Tele:(612) 305-4440
Fax: (612) 305-4439

Attorney for Plaintiffs

**s/ Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
Room 8012
Washington, D.C. 20530
Fax: (202) 305-7643
Tele: (202) 305-7561

Attorneys for Defendant

Dated: October 14, 2004

**Filed Electronically**
**with the consent of the Attorney for Plaintiffs**