# In the United States Court of Federal Claims

No. 98-726C
(Filed: November 5, 2004)

*************************************
**GRASS VALLEY TERRACE, A CALIFORNIA LIMITED PARTNERSHIP, et al.,**

Plaintiffs,

v.

**THE UNITED STATES,**

Defendant.
*************************************

## OPINION AND ORDER

A status conference in this case was held on October 20, 2004. During the status conference the parties discussed issues regarding the scheduling of trial, the location for trial, and the joinder and consolidation of Plaintiffs in this case pursuant to rules 20(a), 21 and 42 of the Rules of the Court of Federal Claims (RCFC).

This case currently involves 13 unrelated Plaintiffs.[1] In a similarly situated case, *Franconia Assocs. v. United States*, 61 Fed. Cl. 335 (July 16, 2004) (J. Allegra), the court determined that the unrelated plaintiffs in that case were improperly joined under RCFC 20(a), and ordered them severed pursuant to RCFC 21. The issue of improper joinder may be raised by one or more of the parties, or *sua sponte* by the Court. RCFC 21. In view of Judge Allegra's determination in *Franconia*, this Court believes that the parties herein may also be improperly joined.

Permissive joinder under RCFC 20(a) requires satisfaction of a two-pronged test: (1) there must a question of law or fact common to all joined persons which will arise in the action; and (2) the claims of the joined parties arise out of the same transaction, occurrence, or series of transactions or occurrences. If one of these prongs is not met, joinder under RCFC 20(a) cannot be sustained, as the parties are improperly joined. Moreover, RCFC 21 provides that the proper

[1] The case was originally filed with 14 unrelated Plaintiffs. However, the claim of Plaintiff #7, Pine Needle Apartments, was dismissed by joint stipulation of the parties pursuant to RCFC 41(a)(1)(ii) on June 13, 2003.

remedy for misjoinder of parties is not dismissal of the action, but rather severance of the improper parties on such terms as are just.

Applying these rules to the circumstances of this case, the Court finds that the parties are improperly joined. Although there are clearly common questions of law among each of the plaintiffs (e.g., whether repudiation of the prepayment option could constitute a breach of contract), the claims do not arise out of the same transaction, occurrence, or series thereof. As Judge Allegra noted in *Franconia*, courts have rejected the notion that breach of contract claims arising out of similar but separate form contracts meet the "same transaction or occurrence" requirement of permissive joinder. 61 Fed. Cl. at 337 n.1 (collecting cases). Here, each Plaintiff entered a separate loan agreement with the government. It is out of the alleged breach of these separate agreements that the respective claims of each Plaintiff arose. Although these separate agreements are similar in nature, the claims arising out of the alleged breach of these separate agreements constitutes a separate transaction or occurrence. Therefore, the Plaintiffs in this case are improperly joined.

RCFC 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated." As noted above, these cases involve common questions of law and fact. Moreover, in view of the principles of judicial economy and the Court's considerable investment of time in the various Plaintiffs' cases, it is prudent to continue the course set in prior proceedings of this case by addressing the various claims within a single proceeding.

On August 13, 2004, Plaintiffs' counsel in this case filed additional similar complaints related to FmHA agreements in *Northway Investment Group v. United States* (Docket No. 04-1299C) and *Quincy Investment Group v. United States* (Docket No. 04-1317C). During the October 20 status conference, the parties agreed that the interests of judicial economy would be served by consolidating these two additional cases within the current action.

In view of the foregoing, the Court hereby ORDERS the following:

(1) The Clerk shall sever the claims of the following Plaintiffs from that of Grass Valley Terrace, a California Limited Partnership (Plaintiff #1): Jefferson Commons, a Limited Partnership (Plaintiff #2); Margorie W. Kassner (Plaintiff #3); Eileen Kothe (Plaintiff #4); NRCB Limited Partnership (Plaintiff #5); Peters, Williams & Kubota, a General Partnership (Plaintiff #6); Ripon Manor, a Limited Partnership (Plaintiff #8); Rural Community Builders, a Limited Partnership (Plaintiff #9); Richard and Beatrice Schmidtbauer (Plaintiff #10); The Highlands, a Limited Partnership (Plaintiff #11); Waterloo Green, a Limited Partnership (Plaintiff #12); Capitol Mobilization, Inc., an Ohio Limited Partnership (Plaintiff #13); and ABCD Trust (Plaintiff #14).

(2) The Clerk shall assign each severed Plaintiff a separate docket number beginning with the number "98-726-2C" and corresponding to its Plaintiff Number.

(3) Pursuant to RCFC 42, these newly-created cases, and the cases of *Quincy Investment Group v. United States* (Docket No. 04-1317C) and *Northway Investment Group v. United States* (Docket No. 04-1299C) are hereby consolidated for all purposes with *Grass Valley Terrace v. United States* (Docket No. 98-726C), unless otherwise ordered by the Court. All future filings in this matter shall be filed under the consolidated caption, unless otherwise ordered by the Court.

(4) The parties need not file or refile additional documents in the newly created cases pursuant to this order. The dockets and records in each of the consolidated cases shall be deemed to include any prior filings in this action.

(5) Fact and expert discovery in this case are hereby reopened for the limited purpose of conducting discovery related to the claims of Plaintiffs Quincy Investment Group and Northway Investment Group.

(6) The parties shall file a joint status report no later than Wednesday, November 24, 2004 which outlines a discovery/pretrial schedule that will terminate at a point to allow sufficient time to reach trial no later than June 30, 2005. Parties should note that pretrial proceedings generally take three months to complete leading up to trial, and should propose a schedule accordingly. Counsel shall provide, via e-mail (damich_chambers@ao.uscourts.gov) or facsimile, a courtesy copy of all filings to Chambers the day the filings are made.

(7) A joint status conference will be held in this case on Monday, November 29, 2004 at 10:00 AM Eastern Time. Parties shall be prepared to discuss the status of the case generally, and be prepared to specifically discuss the scheduling of the remaining proceedings, including trial. All parties shall appear via telephone. Counsel for each party shall call Chief Judge Damich's judicial assistant, Shirley Scott, at (202) 219-1433 one business day before the conference and provide the number where he or she can be reached. This status conference will be held off the record unless counsel for either party affirmatively requests, at least three business days prior to the status conference, that a reporter be present.

s/ Edward J. Damich
Edward J. Damich
Chief Judge