$50

NOV 03 1980
RECORDED

VOL
PAGE
REQ OF

FIRST NATIONAL TITLE INSURANCE COMPANY
SNOHOMISH COUNTY OFFICE

9:00 SEP 16 1980 A.M.

~~HENRY B. WHALEN, AUDITOR~~
SNOHOMISH COUNTY, WA
DEPUTY

USDA-FmHA
Form FmHA 427-7 WA
(Rev. 6-12-79)

PNTI ESCROW NO. F-232517 *Position 5*

# REAL ESTATE DEED OF TRUST FOR WASHINGTON

## (Rural Housing)

THIS DEED OF TRUST is made and entered into by and between the undersigned RURAL COMMUNITY BUILDERS, a General Partnership xxxxxxxx doing business in Snohomish County, Washington, as grantor(s), herein called "Borrower," and the Farmers Home Administration, United States Department of Agriculture, acting through the State Director of the Farmers Home Administration for the State of Washington whose post office address is Room 319 Federal Office Building, 301 Yakima Street, Wenatchee, Washington 98801, as trustee, herein called "Trustee," and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, as beneficiary, herein called the "Government," and:

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s), herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| *Date of Instrument* | *Principal Amount* | *Annual Rate of Interest* | *Due Date of Final Installment* |
|---|---|---|---|
| SEPTEMBER 8, 1980 | $859,750.00 | 10-3/4 % | SEPTEMBER 8, 2030 |

This instrument is being re-recorded to correct interest rate

(If the interest rate is less than ________% for farm ownership or operating loan(s) secured by this instrument, then the rate may be changed as provided in the note.)

The note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to Title V of the Housing Act of 1949, or any other statute administered by the Farmers Home Administration;

It is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity deed of trust to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a.

NOW, THEREFORE, in consideration of the loan(s) Borrower conveys and warrants to Trustee the following described property situated in the State of Washington, County(ies) of Snohomish, which said described real property is not used principally for agricultural or farming purposes:

The West 396 feet of the East 406 feet of the North 400 Feet of the South 1082 feet of the Southeast Quarter of the Northwest Quarter of Section 1, Township 27 North, Range 6 East, W.M. Situate in the County of Snohomish, State of Washington.
Except the following described Parcel:

(Continued on Reverse Side)

EXHIBIT B

GV 3080

8010070065

~~8009160050~~

EXHIBIT
Ex. 30
Vasilatos

~~VOL 1682 PAGE 2141~~
VOL 1685 PAGE 1281

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto Trustee, Trustee's successors, grantees and assigns forever;

IN TRUST, NEVERTHELESS, (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance endorsement by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in supplementary agreement, the provisions of which are hereby incorporated herein and made a part hereof.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS the property and the title thereto unto Trustee for the benefit of the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder. (This covenant is continued on pg. 4 of the Deed of Trust.)

(2) To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Such advances, with interest, shall be repaid from the first available collections received from Borrower. Otherwise, any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6) To use the loan evidenced by the note solely for purpose authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

The property described herein was obtained or improved through Federal financial assistance. This property is subject to the provisions of Title VI of the Civil Rights Act of 1964 and the regulations issued pursuant thereto for so long as the property continues to be used for the same or similar purpose for which financial assistance was extended or for so long as the purchaser owns it, whichever is longer.

This instrument also secures the obligations and covenants of borrower set forth in borrower's loan agreement of May 12, 1980, as amended, which is incorporated herein by reference.

The borrower and any successors in interest agree to use the housing for the purpose of housing people eligible for occupancy as provided in Section 515 of Title V of the Housing Act of 1949 and FmHA regulations then extant during this 20-year period beginning September 8, 1980. No person occupying the housing shall be required to vacate prior to the close of such 20-year period because of early repayment. The borrower understands that should an unsubsidized project be converted to subsidized within 15 years from the date the last loan on the project closed, that the period will be increased by 5 years. The borrower will be released during such period from these obligations only when the Government determines that there is no longer a need for such housing or that Federal or other financial assistance provided to the residents of such housing will no longer be provided. A tenant may seek enforcement of this provision as well as the Government.

8010070065

4695 PAGE 1283

~~THE WEST 396 FEET OF THE EAST 406 FEET OF THE NORTH 400 FEET OF THE SOUTH 1082 FEET OF THE SOUTHEAST QUARTER OF THE NORTHWEST QUARTER OF SECT 17, TOWNSHIP 27 NORTH, RANGE 6 EAST, W.M.~~

EXC[ THE FOLLOWING DESCRIBED PARCEL:

BEGINNING AT THE SOUTHEAST CORNER OF SAID WEST 396.00 FEET OF THE EAST 406 FEET OF THE NORTH 400 FEET OF THE SOUTH 1,082.00 FEET THEREOF; THENCE NORTH 89°32'02" WEST ALONG THE SOUTH LINE OF THE SAID NORTH 400 FEET OF THE SOUTH 1,082.00 FEET THEREOF FOR 396.00 FEET TO THE WEST LINE OF THE WEST 396.00 FEET OF THE EAST 406.00 FEET THEREOF; THENCE NORTH 0°11'26" WEST ALONG SAID WEST LINE FOR 200.00 FEET; THENCE SOUTH 89°33'02" EAST FOR 73.00 FEET; THENCE SOUTH 0°11'26" EAST FOR 25 FEET; THENCE SOUTH 89°33'02" EAST FOR 227 FEET; THENCE SOUTH 39°18'07" EAST FOR 50.72 FEET; THENCE SOUTH 89°33'02" EAST FOR 64.00 FEET TO THE EAST LINE OF THE SAID WEST 396.00 FEET ...

GV 3081

(8) To keep the property insured as required by and under insurance policies approved by the Government and, at it request, to deliver such policies to the Government.

(9) To maintain improvements in good repair and make repairs required by the Government: operate the property in good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans : the Government from time to time may prescribe: and not to abandon the property, or cause or permit waste, lessening impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease an timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lie and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and ar supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to ai survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expens of advertising, selling, and conveying the property.

(12) Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, encumbered, voluntarily or otherwise, without the written consent of the Government. The Government shall have the sc and exclusive rights as beneficiary hereunder, including but not limited to the power to grant consents, partial releas subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or ai benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenar and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, tl debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordina its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecti the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of t note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by t Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afford by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a producti credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates an terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and acc such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property or oth security instrument held or insured by the Government and executed or assumed by Borrower, and default under any su other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by th instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties nam as Borrower be declared a bankrupt or an insolvent or make an assignment for the benefit of creditors, the Government, at i option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to tl Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonat expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it ai production of this instrument, without other evidence and without notice of hearing of said application, have a receiv appointed for the property, with the usual powers of receivers in like cases, and (d) authorize and request Trustee to fo close this instrument and sell the property as provided by law.

**(18) WAIVER: THE BORROWER ACKNOWLEDGES AND AGREES THAT IF BORROWER DEFAULTS NONJUDICIAL FORECLOSURE OF THE PROPERTY MAY BE CONDUCTED WITHOUT A HEARING OF ANY KIN THE BORROWER HEREBY WAIVES ANY RIGHTS BORROWER MAY HAVE TO ANY SUCH HEARING. NEVERTH LESS THE REGULATIONS OF THE FARMERS HOME ADMINISTRATION IN EFFECT AT THE TIME SU FORECLOSURE IS STARTED MAY PROVIDE FOR A MEETING AND THE GOVERNMENT WILL FOLLOW THE REGULATIONS.**

(19) At the request of the Government, Trustee may foreclose this instrument by advertisement and sale of the prope as provided by law, for cash or secured credit at the option of the Government; and at such sale the Government an agents may bid and purchase as a stranger; Trustee at Trustee's option may conduct such sale without being person present, through Trustee's delegate authorized by Trustee for such purpose orally or in writing and Trustee's execution conveyance of the property or any part thereof to any purchaser at foreclosure sale shall be conclusive evidence that the was conducted by Trustee personally or through Trustee's delegate duly authorized in accordance herewith.

(20) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expe incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court t so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior lien record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtednes Borrower owing to or insured by the Government, and (f) any balance to Borrower. In case the Government is successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the o prescribed above.

8010070065 VOL 1682 PAGE 2141

(21) All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

(22) Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(23) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex or national origin.

(24) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provision hereof.

(25) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration, United States Department of Agriculture, Wenatchee, Washington 98801, and in the case of Borrower to Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(26) Upon full and final payment of all indebtedness hereby secured and the performance and discharge of each and every condition, agreement and obligation, contingent or otherwise, contained herein or secured hereby, the Government shall request trustee to execute and deliver to Borrower at Borrower's above post office address a deed of reconveyance of the property within 60 days after written demand by Borrower, and Borrower hereby waives the benefits of all laws requiring earlier execution or delivery of such deed of reconveyance.

(27) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

WITNESS the hand(s) of Borrower this 8th day of September, 1980.

RURAL COMMUNITY BUILDERS

Tom Vasilatos
TOM VASILATOS, Partner

James H. Mulligan
JAMES H. MULLIGAN, Partner

REQ OF RECORDED
PIONEER NATIONAL TITLE INSURANCE COMPANY
SNOHOMISH COUNTY OFFICE
9:00 OCT 07 1980 A.M.
HENRY B. WHALEN, AUDITOR
SNOHOMISH COUNTY, WA
DEPUTY Betty Danielson

ACKNOWLEDGMENT

STATE OF WASHINGTON )
) ss.
COUNTY OF Snohomish )

GV 3083

The foregoing instrument was acknowledged before me this 8th day of September, 1980, by Tom Vasilatos and James H. Mulligan, Partners of Rural Community Builders, a Limited Partnership, on behalf of the partnership.

Linda S. Lindsey
Notary Public in and for the
State of Washington
Residing at Everett

(Continuation of covenant (1) on page 2 of this Deed of Trust) This covenant of the partners to pay principal and interest is included in the note secured hereby for the purpose of establishing and continuing the existence of the indebtedness. However, it is a condition of said covenant and those contained herein that in the event of default under the terms hereof, the holder shall take no action against the partners personally except such as may be necessary to subject to the satisfaction of the indebtedness the property described herein and any chattels appurtenant to the use thereof, PROVIDED, that nothing in this condition and no action so taken shall operate to impair any obligation of the partners under the Loan Agreement entered into between the partners and the Government.

VOL 1685 PAGE 1285

~~8009150650~~ 8010070065 ~~VOL 1682 PAGE 2145~~