IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRASS VALLEY TERRACE, A CALIFORNIA LIMITED PARTNERSHIP, et al., | ) | |
| Plaintiffs, | ) | No. 98-726C, 98-726-2C through 98-726-14C and 04-1299C & 04-1317C (Consolidated) |
| v. | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SUR-REPLY

Plaintiffs asserts that they should be permitted to file a sur-reply in response to the reply brief that we filed in support of our pending motion to dismiss certain claims in this action, because "[p]laintiffs believe that defendant's reply presents certain issues beyond the scope of its original motion . . . ." Motion for Leave 1. To the extent that plaintiffs mean only that our reply is not a mere repetition of our moving brief, we agree. This fact is not, however, a reason for permitting a sur-reply. Any reply brief worth filing says something new. Yet, in responsive briefing, one side must eventually have the last word if the briefing is ever to end. That side is, ordinarily, the movant, not necessarily the last party to run out of arguments. The Court's rules provide, after all, for the routine filing of replies but not sur-replies.

Plaintiffs do not assert that our reply raises new grounds for dismissal that were not raised in our motion to dismiss, and a reading of our moving brief and our reply demonstrates that no new grounds have been raised. Our reply does discuss certain discovery material that was not mentioned in our moving brief but that was cited and relied upon by plaintiffs in their response. By so doing, however, we did not raise new issues; we simply responded to plaintiffs' assertions. That is the purpose of a reply brief; it is not a reason to permit a sur-reply.

In the alternative to filing a sur-reply, plaintiffs request that the Court schedule oral argument on our motion to dismiss. The scheduling of oral argument is a matter entirely within the Court's discretion, and, as we stated in the May 5, 2005 status conference in this case, we neither request nor oppose the scheduling of oral argument. There is no basis, however, for the filing of a sur-reply.

For the foregoing reasons, plaintiffs' motion for leave to file a sur-reply should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:
Kenneth S. Kessler
Michael S. Dufault
Commercial Litigation Branch
Civil Division
Department of Justice

May 12, 2005