**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

GRASS VALLEY TERRACE,
a California Limited Partnership, *et al.*,

Plaintiffs,

**File Nos. 98-726C; 98-726-4C**
**Chief Judge Edward J. Damich**

v.

THE UNITED STATES

Defendant.

---

**REPLY IN SUPPORT OF MOTION FOR SUBSTITUTION OF PLAINTIFF**

---

Jeff H. Eckland
Mark J. Blando, Of Counsel
ECKLAND & BLANDO LLP
700 Lumber Exchange
10 South Fifth Street
Minneapolis, Minnesota 55402
Telephone: 612-305-4444
Facsimile: 612-305-4439

Dated: June 28, 2005

# TABLE OF CONTENTS


**Page**

TABLE OF AUTHORITIES ........ ii

DISCUSSION ........ 1

I. D&G Apartments Is the Real Party in Interest and Therefore Properly Can Be Substituted for Eileen Kothe under Rule 17........ 1

II. Alternatively, Glenn Kothe Is The Proper Party To Substitute for Eileen Kothe under Rule 25 ........ 4

CONCLUSION........ 5

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11 (2d Cir. 1997)....3

*American Maritime Transport, Inc. v. United States*, 18 Cl. Ct. 283 (1989)....2, 3

*Barlow v. Ground*, 39 F.3d 231 (9th Cir. 1994) ....4

*Coliseum Cartage Co. v. Rubbermaid Statesville, Inc.*, 975 F.2d 1022 (4th Cir. 1992)....2

*Deponte Invs., Inc. v. United States*, 60 Fed. Cl. 9 (2004)....3

*Fariss v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir. 1985) ....4

*First Annapolis Bancorp, Inc. v. United States*, 54 Fed. Cl. 529 (2003)....2

*First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279 (Fed. Cir. 1999)....2

*Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir. 1990)....4

*Inglis v. Buena Vista Univ.*, 235 F. Supp. 2d 1009 (N.D. Iowa 2002)....4

*Kaldawy v. Gold Service Movers, Inc.*, 129 F.R.D. 475 (S.D.N.Y. 1990) ....4

*Maddalone v. Okada Shosen, KK*, 756 F.2d 886 (1st Cir. 1985)....4

*Rousseau v. Diemer*, 24 F. Supp. 2d 137 (D. Mass. 1998)....3

*Vassar v. United States*, 63 Fed. Cl. 166 (2004)....2, 3

*Wall Indus., Inc. v. United States*, 15 Cl. Ct. 796 (1988), *aff'd*, 883 F.2d 1027 (Fed. Cir. 1989)....2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

GRASS VALLEY TERRACE,
a California Limited Partnership, *et al.*,

Plaintiffs,

**File Nos. 98-726C; 98-726-4C**
**Chief Judge Edward J. Damich**

v.

THE UNITED STATES

Defendant.

**REPLY IN SUPPORT OF MOTION FOR SUBSTITUTION OF PLAINTIFF**

In response to defendant's suggestion of death, plaintiffs have moved, pursuant to Rules 25 and 17 of the Rules of the United States Court of Federal Claims, for the substitution of D&G Apartments, a Minnesota General Partnership (D&G Apartments"), as a plaintiff in this action in place of Eileen Kothe. In its response to plaintiffs' motion, defendant does not assert that plaintiff Eileen Kothe's claims extinguished upon her death, nor does defendant claim that any prejudice would result from the granting of plaintiffs' motion. Thus, the only issues to be resolved are (1) identifying the real party in interest under Rule 17, or, alternatively, (2) determining who may assert Ms. Kothe's claims on her behalf under Rule 25.

## DISCUSSION

**I. D&G Apartments Is the Real Party in Interest and Therefore Properly Can Be Substituted for Eileen Kothe under Rule 17.**

Plaintiffs' Motion for Substitution of Plaintiff primarily requests substitution of parties under Rule 17's mandate to name the real party in interest, and seeks substitution under Rule 25 only on an alternative basis. Defendant acknowledges plaintiffs' Rule 17 argument, but fails to address it substantively, instead arguing only that substitution is inappropriate under Rule 25.

Thus, defendant confuses the issues before the Court by conflating the requirements of the two rules. *Cf. American Maritime Transp., Inc. v. United States*, 18 Cl. Ct. 283, 290 (1989) ("The defendant intertwines its real-party-in-interest and standing arguments. . . . However, the two subjects, while related, require separate analysis."). Properly viewed, and analyzed independently from Rule 25, it is clear that Rule 17 authorizes the substitution of D&G Apartments as plaintiff in this case in place of Eileen Kothe.

Rule 17 of the Rules of the Court of Federal Claims requires that every "action shall be prosecuted in the name of the real party in interest." RCFC 17(a). The rule applies the "general principle that actions should be brought in the name of the real party in interest and that courts should be lenient in permitting ratification, joinder, or substitution of that party." *First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279, 1289 (Fed. Cir. 1999). A court must look at the "totality of the facts" to determine the real party in interest. *Wall Indus., Inc. v. United States*, 15 Cl. Ct. 796, 804 (1988), *aff'd*, 883 F.2d 1027 (Fed. Cir. 1989). This Court has described a real party in interest as "a person who possesses the right to enforce the claim and who has a significant interest in the litigation." *First Annapolis Bancorp, Inc. v. United States*, 54 Fed. Cl. 529 (2003) (quoting *Coliseum Cartage Co. v. Rubbermaid Statesville, Inc.*, 975 F.2d 1022, 1024 (4th Cir. 1992)); *see also American Maritime Transport, Inc. v. United States*, 18 Cl. Ct. 283, 290 (1989).

The undisputed evidence demonstrates that D&G Apartments owns the two properties at issue in this Case No. 98-726-4C: D&G Apartments I and D&G Apartments II. Mot. Subst. ¶ 1. The closing documents for both properties were executed on behalf of the partnership, which has remained in existence from its inception to the present day. *Id*. ¶¶ 1, 2. As a result, there can be no dispute that D&G Apartments is the real party in interest to pursue the claims previously

prosecuted by plaintiff Eileen Kothe. *See Vassar v. United States*, 63 Fed. Cl. 166, 172 (2004) (holding that party who signed the contract at issue was the real party in interest because "'it possessed the substantive contractual right being enforced'") (quoting *American Maritime Transport, Inc. v. United States*, 18 Cl. Ct. 283, 290 (1989)). Indeed, defendant fails to address plaintiffs' argument in this regard. Accordingly, substitution of moving party D&G Apartments in place of plaintiff Eileen Kothe is proper under Rule 17. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc*., 106 F.3d 11, 20 (2d Cir. 1997) (substitution of plaintiff as real party in interest "should be liberally allowed when change is merely formal and in no way alters the original complaint's factual allegations as to events or participants").[1]

Rule 17 also provides that "such ratification, joinder or substitution [of the real party in interest] shall have the same effect as if the action had been commenced in the name of the real party in interest." RCFC 17(a). Thus, defendant's suggestion that the claims at issue might become time-barred or otherwise defective if substitution is allowed is misplaced. *See, e.g*., *Rousseau v. Diemer*, 24 F. Supp. 2d 137 (D. Mass. 1998) (holding that fact that any new complaint filed by substituted real party in interest would be time-barred was irrelevant to the question of whether the substitution should be allowed under Rule 17). In sum, the claims filed

[1] In addition, plaintiffs' request to substitute D&G Apartments as the real party in interest was timely. Rule 17(a) provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed *after objection* for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." RCFC 17(a) (emphasis added); *see also Deponte Invs., Inc. v. United States*, 60 Fed. Cl. 9, 10 (2004) (characterizing clause as a "safe harbor" provision). Once an objection is made, a party is allowed a "reasonable time" to join or substitute the real party in interest. *Id*. Here, plaintiff filed its motion within ninety days after defendant filed its Suggestion of Death. Thus, assuming that defendant's Suggestion of Death constitutes an "objection" sufficient to invoke Rule 17, plaintiffs have moved to substitute the real party in interest in a timely manner.

by Eileen Kothe as plaintiff may continue uninterrupted with D&G Apartments as the real party in interest in substitution for Ms. Kothe.[2]

### II. Alternatively, Glenn Kothe Is The Proper Party To Substitute for Eileen Kothe under Rule 25.

If this Court determines for some reason that Eileen Kothe, and not D&G Apartments, is the real party in interest, then Glen Kothe is a proper party to pursue the claims of Eileen Kothe because he is both the personal representative and an heir and successor in interest to Eileen Kothe's estate. *See* Pl. Mot., Ex. D. Rule 25(a) permits a court to order the substitution of proper parties upon a motion "made by any party or by the successors or representatives of the deceased party." RCFC 25(a)(1). Defendant does not dispute, and in fact agrees, that "the personal representative of Ms. Kothe's estate is the proper person to substitute in place of Ms. Kothe as the named plaintiff in this case." Def. Resp. at 2. Thus, if Eileen Kothe remains the real party in interest, then the substitution of Glenn Kothe is proper pursuant to Rule 25.[3]

---

[2] At the time the complaint in this action was filed, Eileen Kothe held a 99% interest in the properties at issue. *See* Blando Decl., Ex. C at 11-12. This may explain why she believed that she could pursue the claims at issue in her personal capacity. Regardless of the circumstances surrounding Ms. Kothe's filing of this suit, however, defendant cannot point to any prejudice that would result from substitution of the real party in interest at this time. *See Maddalone v. Okada Shosen, KK*, 756 F.2d 886, 887 (1st Cir. 1985) (error in naming incorrect party plaintiff does not in itself act as a bar to substitution where defendant has not been prejudiced).

[3] In addition, defendant failed to comply with the requirement of Rule 25(a) that it serve its Suggestion of Death on the successors and representatives of plaintiff Eileen Kothe. *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (party filing suggestion of death must serve it on the "the parties *and nonparty successors or representatives of the deceased*") (emphasis added); *Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir. 1990); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985); *Inglis v. Buena Vista Univ.*, 235 F. Supp. 2d 1009, 1029-1030 (N.D. Iowa 2002); *Kaldawy v. Gold Service Movers, Inc.*, 129 F.R.D. 475, 477 (S.D.N.Y. 1990). Thus, plaintiffs' motion for substitution cannot be denied under Rule 25 unless and until defendant properly serves its Suggestion of Death, because only at that time will the ninety-day time period set forth in the rule commence to run. *Id.*

## CONCLUSION

For the reasons set forth above, plaintiffs respectfully request that the Court grant plaintiffs' motion and substitute D&G Apartments, the real party in interest, as a plaintiff in this action in place of the deceased Eileen Kothe under Rule 17. In the alternative, if the Court determines that Eileen Kothe, and not D&G Apartments, is the real party in interest, plaintiff requests that Glen Kothe, as personal representative of, and heir to, the estate of Eileen Kothe, be named as plaintiff in this action.

Respectfully submitted,

Dated: June 28, 2005

**s/Jeff H. Eckland**

**Filed Electronically**

Jeff H. Eckland
Mark J. Blando, Of Counsel
ECKLAND & BLANDO LLP
700 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
Tele: 612-305-4444
Fax: 612-305-4439

*Attorneys for Plaintiffs and for moving parties D&G Apartments and Glen Kothe*