**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

GRASS VALLEY TERRACE,
a California Limited Partnership, *et al.*,

Plaintiffs,

**File Nos. 98-726C; 98-726-3C**
**Chief Judge Edward J. Damich**

v.

THE UNITED STATES

Defendant.

---

**REPLY IN SUPPORT OF MOTION FOR SUBSTITUTION OF PLAINTIFF**

---

Jeff H. Eckland
Mark J. Blando, Of Counsel
ECKLAND & BLANDO LLP
700 Lumber Exchange
10 South Fifth Street
Minneapolis, Minnesota 55402
Telephone: 612-305-4444
Facsimile: 612-305-4439

Dated: June 28, 2005

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ ii

BACKGROUND ........................................................................................ 1

DISCUSSION ........................................................................................... 3

I. Plaintiffs' Motion for Substitution Should Be Granted ........................................ 3

A. The Rules Governing Substitution of Parties Are Liberally Construed to Ensure that Surviving Claims Are Not Dismissed ................ 3

B. Russell Kassner Is a Proper Party for Substitution .................................... 5

II. Plaintiffs' Motion for Substitution is Timely.......................................................... 7

A. Defendant Failed To Serve its Suggestion of Death upon All Interested Parties, and thus the Ninety-Day Time Period Has Not Yet Begun To Run ........................................................................... 7

B. The Declaration Filed in Support of Plaintiffs' Motion for Summary Judgment in 2001 Did Not Qualify as a "Suggestion of Death" under Rule 25 ........................................................................................ 10

CONCLUSION.......................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

## Cases

*Acebal v. United States*, 60 Fed. Cl. 551 (2004)........................................................3

*Additive Controls & Measurement Sys. v. Flowdata, Inc.*,
154 F.3d 1345 (Fed. Cir. 1998)..........................................................9

*Barlow v. Ground*, 39 F.3d 231 (9th Cir. 1994) ........................................................7, 11

*Boggs v. Dravo Corp.*, 532 F.2d 897 (3d Cir. 1976) .................................................3

*Ciccone v. Secretary of Dep't of Health & Human Servs.*,
861 F.2d 14 (2d Cir. 1998)..........................................................................11

*Copier v. Smith & Wesson Corp.*, 138 F.3d 833 (10th Cir. 1998)............................11

*Escareno v. Carl Nolte Sohne GmbH & Co.*, 77 F.3d 407 (11th Cir. 1996) ............4, 7

*Fariss v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir. 1985) ....................................7, 8, 9

*Goodwyn v. United States*, 33 Fed. Cl. 730 (1995)..................................................3

*Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir. 1990)............................................7, 9, 10, 11

*Hardy v. Kaszycki & Sons Contractors, Inc.*,
842 F. Supp. 713 (S.D.N.Y. 1993)...................................................................5

*Hawes v. Johnson & Johnson*, 940 F. Supp. 697 (D.N.J. 1996)...............................11

*Inglis v. Buena Vista Univ.*, 235 F. Supp. 2d 1009 (N.D. Iowa 2002).......................8

*International Cablevision, Inc. v. Sykes*, 172 F.R.D. 63 (W.D.N.Y. 1997)..............11

*Kaldawy v. Gold Service Movers, Inc.*, 129 F.R.D. 475 (S.D.N.Y. 1990) ................8

*Kasting v. American Family Mut. Ins. Co.*, 196 F.R.D. 595 (D. Kan. 2000) ............9, 11

*Marriott Int'l Resorts, L.P. v. United States*, 61 Fed. Cl. 411 (2004) ........................4

*McKenna v. Pacific Rail Serv.*, 32 F.3d 820 (3d Cir. 1994) ....................................11

*McSurely v. McClellan*, 753 F.2d 88 (D.C. Cir. 1985)...............................................5

*Minnesota Mining & Mfg. Co. v. Eco Chem., Inc.*,
757 F.2d 1256 (Fed. Cir. 1985)..........................................................6, 8

*Moncreif v. Williston Basin Interstate Pipeline Co.*,
880 F. Supp. 1495 (D. Wyo. 1995)................................................................5

*Rende v. Kay*, 415 F.2d 983 (D.C. Cir. 1969).........................................................3, 4

*Sinito v. Dep't of Justice*, 176 F.3d 512 (D.C. Cir. 1999)........................................5

*Smith v. Planas*, 151 F.R.D. 547 (S.D.N.Y. 1993) ..................................................9

*Tatterson v. Koppers Co*., 104 F.R.D. 19 (W.D. Pa. 1984) .....................................4

*Tolliver v. Leach*, 126 F.R.D. 529 (W.D. Mich. 1989)............................................11

*Travelers Ins. Co. v. Broadway West Street Assocs.*,
164 F.R.D. 154 (S.D.N.Y. 1995) ....................................................................6

**<u>Statutes, Rules and Regulations</u>**

Wyom. Stat. § 2-7-104...............................................................................10

**<u>Treatises, Books and Articles</u>**

Moore's Federal Practice 3d § 25.10 ............................................................6

Moore's Federal Practice 3d § 25.13(2)(c) ..............................................................8

Restatement (Second) of Agency § 120(1)..............................................................9

Wright & Miller, 7C Federal Practice and Procedure § 1951 (2d ed. 1986) ............4

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

GRASS VALLEY TERRACE,
a California Limited Partnership, *et al.*,

Plaintiffs,

**File Nos. 98-726C; 98-726-3C**
**Chief Judge Edward J. Damich**

v.

THE UNITED STATES

Defendant.

**REPLY IN SUPPORT OF MOTION FOR SUBSTITUTION OF PLAINTIFF**

Plaintiffs and Mr. Russell Kassner have moved, pursuant to Rule 25(a) of the Rules of the United States Court of Federal Claims, for the substitution of Mr. Kassner as a plaintiff in this action in place of his mother, the deceased Marjorie Kassner. In its response to plaintiffs' motion, defendant does not assert that Ms. Kassner's claims extinguished upon her death, nor does defendant claim any prejudice resulting from plaintiffs' motion. Thus, the only contested issues to be resolved are determining (1) who may assert the decedent's claims and (2) whether plaintiffs' motion was timely filed.

**BACKGROUND**

Plaintiff Marjorie Kassner passed away on September 8, 1999. *See* Motion for Substitution ("Mot. Subst.") ¶ 1. Her estate was probated through the Wyoming courts, and Mr. James Hardee, a Wyoming attorney, was appointed the personal representative of the estate. *See* attached Declaration of Jeff H. Eckland in Support of Motion for Substitution of Plaintiff ("Eckland Decl."), Ex. A. The estate was partially distributed on May 15, 2001, with all of the potential proceeds from this lawsuit going equally to her three children, Russell Kassner, Mark

Blaine Walker, and Gretchen Kassner. *See* Mot. Subst. ¶ 2. At this time, plaintiffs understand that the estate has not yet been fully closed.

Following her death, Ms. Kassner's son and heir, Mr. Russell Kassner, took over responsibility for the administration of his mother's claims. Eckland Decl. ¶ 2. Mr. Kassner was deposed in this capacity by defendant on June 4, 2004. Mot. Subst. ¶ 3. Mr. Kassner was also identified as a witness on plaintiffs' Preliminary Witness List.

Defendant was aware of Ms. Kassner's death at least as of November 2000. See Def. Resp. at 2. In addition, documents produced by plaintiffs to defendant identified the heirs to Ms. Kassner's estate and confirmed that Mr. James Hardee had been appointed the personal representative of the estate. Eckland Decl., Ex. B. This information was also provided to the federal agency at issue, the Department of Agriculture, which maintained regulatory oversight over the property before and after Ms. Kassner's death. *Id.* During his deposition, Mr. Kassner again confirmed both the identity of the heirs and the personal representative capacity of Mr. Hardee. *See* Mot. Subst. ¶ 3 & Blando Decl., Ex. C.

Defendant suggested Ms. Kassner's death on the record in this case by filing a Suggestion of Death on February 16, 2005. However, defendant failed to serve the Suggestion of Death on either Mr. Hardee or the heirs of the estate. As a result, neither the successors nor the representatives of the estate have been given proper notice of defendant's Suggestion of Death. The attorney of record for the plaintiffs in this action, Mr. Jeff H. Eckland of Eckland & Blando LLP, does not represent Mr. Hardee or the Estate of Ms. Marjorie Kassner. Eckland Decl. ¶ 5.

## DISCUSSION

Defendant does not dispute that Ms. Kassner's claims against the government, for breach of contract and a Fifth Amendment taking of property, did not extinguish upon her death. *See Acebal v. United States*, 60 Fed. Cl. 551, 555 (2004); *Goodwyn v. United States*, 33 Fed. Cl. 730 (1995). Instead, defendant asserts that Mr. Russell Kassner lacks the capacity to be substituted as a plaintiff in this action, despite the undisputed fact that he is a distributee of the deceased plaintiff's estate. In addition, defendant argues that a declaration filed by plaintiffs in November 2001 qualified as a "suggestion of death" under Rule 25, such that the time for filing a motion for substitution passed years ago. As demonstrated below, both of defendant's attempts to derail the claims of Ms. Kassner as a result of her death fall short. Moreover, because defendant failed to serve its Suggestion of Death on either the heirs or the representative of the estate, the ninety-day time period in which a motion for substitution may be filed has not yet begun to run.

### I. Plaintiffs' Motion for Substitution Should Be Granted.

#### A. The Rules Governing Substitution of Parties Are Liberally Construed to Ensure that Surviving Claims Are Not Dismissed.

Rule 25(a) permits a court to order the substitution of proper parties upon a motion "made by any party or by the successors or representatives of the deceased party." RCFC 25(a)(1). Courts interpret and apply Rule 25 liberally to effectuate the interests of justice. "The [1963] amendment to Rule 25(a)(1) was intended to dispel unwarranted rigidity and allow more flexibility in substitution." *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969) (emphasis added); *see also Boggs v. Dravo Corp.*, 532 F.2d 897, 900 (3d Cir. 1976) (purpose of the 1963 amendments was "to liberalize the rule and allow flexibility in the substitution of parties").[1]

[1] Prior to the 1963 amendment, Rule 25 contained a rigid two-year window which required a deceased plaintiff to be substituted within two years after death. *Id.* The history of the

Thus, "[i]t was intended that liberal effect be given to the 1963 amendment." *Rende*, 415 F.2d at 986 (quoting *Roscoe v. Roscoe*, 379 F.2d 94, 99 (D.C. Cir. 1967)). *See generally* Wright & Miller, 7C Federal Practice and Procedure § 1951 at p.524 (2d ed. 1986) ("The time limits stated in subdivisions (a) and (d) [of the pre-1963 version of Rule 25], were enforced rigorously and often proved to be traps for the unwary, leading to harsh results contrary to the beneficial purposes stated in Rule 1.").

The liberal interpretation of Rule 25(a) is evident in the fact that a motion for substitution need only be filed, and not necessarily perfected, within the ninety-day window. *Escareno v. Carl Nolte Sohne GmbH & Co.*, 77 F.3d 407, 411 (11th Cir. 1996) (case vacated and remanded because lower court "conflated the period allowed to file a motion to substitute and the time allowed to consummate the substitution"). In *Escareno*, the Eleventh Circuit vacated the trial court's decision to dismiss a claim for failure to substitute within ninety days of the suggestion of death. *Id*. The initial motion to substitute did not name the party ultimately substituted, but rather requested that the attorney for the decedent be named as a "temporary administrator" from the state probate court. *Id*. The Eleventh Circuit held that the lower court's dismissal of the claim under these circumstances was improper, and remanded the case with instructions to allow plaintiff a reasonable time in which to file a new motion for substitution. *Id*. at 412.

In short, the procedural requirements of Rule 25(a) were "not intended to act as a bar to otherwise meritorious actions." *See Tatterson v. Koppers Co.*, 104 F.R.D. 19, 21 (W.D. Pa. 1984). Thus, given the apparent agreement between the parties that Ms. Kassner's claims

---

amendments to the Federal Rules of Civil Procedure is of course relevant to the interpretation of the Rules of the United States Court of Federal Claims. *See, e.g.*, *Marriott Int'l Resorts, L.P. v. United States*, 61 Fed. Cl. 411, 416 n.8 (2004) (looking to advisory committee notes to Federal Rules of Civil Procedure to interpret Court of Federal Claims rule, noting that "in all pertinent respects, the Rules of this Court were amended in 2002 to mirror the Federal Rules of Civil Procedure insofar as possible").

survived her death, there should be no difficulty in resolving the question of who should be entitled to pursue those claims on her behalf.

**B. Russell Kassner Is a Proper Party for Substitution.**

Russell Kassner, as an undisputed successor and distributee of the estate of Marjorie Kassner, is a proper party to substitute for Marjorie Kassner under RCFC 25(a). As noted above, a motion for substitution may be filed "by the successors or representatives of the deceased party." RCFC 25(a)(1). The cases confirm what the language of the rule contemplates: that once an estate has been distributed, the distributees are proper parties for substitution. *Sinito v. Dept. of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999) (holding that "the distributee of a decedent's estate may be a 'successor' of an estate that has been distributed and thus can be a proper party"); *McSurely v. McClellan*, 753 F.2d 88, 97-99 (D.C. Cir. 1985) (widows were "proper parties" for Rule 25 purposes where their husbands' assets had been distributed to them even where they were never designated "legal representatives" of their husbands' estates); *Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969) ("The addition of 'successor' in … Rule [25] would take care of the case of, say, the distribute of an estate that had distributed."); *Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F.Supp. 713, 716-717 (S.D.N.Y. 1993) (widow was proper party for substitution when she was at least primary distributee of husband's estate, although she had not been formally named as representative of estate); *see also Moncreif v. Williston Basin Interstate Pipeline Co.*, 880 F.Supp. 1495, 1512 (D. Wyo. 1995) (holding, under Wyoming law, that grandchildren who obtained interests in decedent's estate were real parties in interest and therefore constituted proper plaintiffs).

Here, there is no dispute that Russell Kassner is a successor and distributee of the estate of his mother, Marjorie Kassner. Although the estate is not fully closed, the rights to any and all

proceeds from this lawsuit were fully distributed on May 15, 2001. Mot. Subst. ¶ 2 & Exs. B, C. Thus, Russell Kassner is a proper party to pursue the claims of plaintiff Marjorie Kassner in this litigation. Once the substitution is effected, the claims of the original plaintiff may be brought to a final resolution. *See* Moore's Federal Practice 3d § 25.10 ("If a substitution occurs under Rule 25, the substituted party steps into the place of the original litigant and takes over the case without any other change in the status of the case."); *cf. Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985) (holding that, pursuant to transfer of interest under Rule 25(c) "[t]he merits of the case, and the disposition of the property, are still determined vis-à-vis the originally named parties.").

While not disagreeing that Mr. Kassner is a "successor" to his mother under Rule 25(a), defendant complains that he is not the *sole* distributee of Marjorie Kassner's interests in this lawsuit. However, defendant cites no authority for the proposition that Rule 25 requires every possible heir to a decedent's estate to seek substitution. In other words, the fact that Mr. Kassner is not the only party who might have filed a motion for substitution in this case does not mean that he is not a proper party to do so. Thus, the fact that there are other heirs to the estate does not disqualify Mr. Kassner from being substituted as plaintiff in this action to pursue his mother's surviving claims.[2]

More fundamentally, as explained in detail below, none of the other heirs to the estate have been properly served with defendant's Suggestion of Death. As a result, the other heirs have not been given a proper opportunity to take action in response to defendant's suggestion. Mr. Kassner was able to seek substitution through the undersigned counsel because he had

---

[2] Moreover, the substitution of a plaintiff is a procedural mechanism that does not impact the underlying substantive rights. *See Travelers Ins. Co. v. Broadway West Street Assocs*., 164 F.R.D. 154 (S.D.N.Y. 1995). Thus, it should be of no concern to defendant whether the substituted party is only one or all of the parties that have an interest in the claims at issue.

entered into an attorney-client relationship with counsel on behalf of the estate prior to the filing of plaintiffs' motion for substitution. Eckland Decl., ¶¶ 2, 3. At the time that plaintiffs filed their motion for substitution, the undersigned counsel did not understand that he had the authority to request substitution on behalf of Ms. Gretchen Kassner and Mr. Mark Blaine Walker, who are the other two heirs to Ms. Kassner's interest in this suit. *Id*. ¶ 3.

Subsequent to the filing of plaintiffs' motion for substitution, counsel has in fact obtained approval to request substitution on behalf of those two individuals as well. *Id.* Thus, plaintiffs hereby request, in the alternative, that Mr. Russell Kassner, Mr. Mark Blaine Walker, and Ms. Gretchen Kassner – the sole successors to the interests of plaintiff Marjorie Kassner in this lawsuit – be substituted as plaintiffs in this action in place of their deceased mother. *See Escareno v. Carl Nolte Sohne GmbH & Co*., 77 F.3d 407, 411 (11th Cir. 1996) (motion for substitution filed within ninety-day time period need not name party who ultimately becomes substituted party, as motion may be perfected at a later date).

## II. Plaintiffs' Motion for Substitution is Timely.

### A. Defendant Failed To Serve its Suggestion of Death upon All Interested Parties, and Thus the Ninety-Day Time Period Has Not Yet Begun To Run.

Defendant's request that plaintiffs' claims be dismissed under Rule 25 is premature because the ninety-day time period set forth in the rule has not commenced. That time period does not begin to run until the successors and representatives of the deceased plaintiffs are properly served with the Suggestion of Death so that they may take appropriate action in response thereto. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) ("the suggesting party must serve other parties *and nonparty successors or representatives of the deceased* with a suggestion of death in the same manner as required for service of the motion to substitute") (emphasis added); *Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir. 1990); *Fariss v. Lynchburg*

*Foundry*, 769 F.2d 958, 962 (4th Cir. 1985). Thus, a claim cannot be dismissed under Rule 25(a) unless the service requirements have been met. *Inglis v. Buena Vista Univ.*, 235 F.Supp.2d 1009, 1029-1030 (N.D. Iowa 2002) (Rule 25 does not require dismissal when suggestion of death was not personally served on personal representative of estate); *Kaldawy v. Gold Service Movers, Inc.*, 129 F.R.D. 475, 477 (S.D.N.Y. 1990) (Rule 25(a)(1) requires "that a statement of the fact of death must be served upon a party or non-party before it can operate to limit the time within which that party or non-party must file a motion for substitution.").[3]

As the Fourth circuit explained in *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985), "Rule 25(a)(1) directs that both parties and appropriate nonparties be served with the suggestion of death to commence the 90-day substitution period, for the rule seeks 'to assure the parties to the action and other concerned persons of notice of the death so that they may *take appropriate action* to make substitution for the deceased party.'" *Id*. (citing treatise) (emphasis added). "Personal service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired." *Id*.

The personal service requirement also serves to notify a potential party of the Court's jurisdiction and authority. The Federal Circuit has explained that courts will have *in personam* jurisdiction over parties substituted under Rule 25(a) if they are properly served and the court has *in personam* jurisdiction over the original party. *Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985) (using cases applying Rule 25(a) to aid application of

[3] Indeed, the requirement to formally serve interested non-parties under Rule 25(a) has lead to a split in the circuits regarding whether a suggestion of death must name the successor to the decedent's claim. *See, e.g.*, Moore's Federal Practice 3d § 25.13(2)(c) ("There is considerable authority for the proposition that a suggestion of death is not effective to start the running of the 90-day period unless it names the representative or successor who may be substituted for the deceased party."). "In the view of some courts, the rule implicitly imposes this requirement because it requires that the suggestion of death be served on both parties and non-parties (that is, on the representatives or successors)." *Id*.

Rule 25(c) for transfer of interests between corporations). Further, the court held that non-party corporations could be involuntarily joined only where they were properly served. *Id*. at 1263, n.13 (differentiating cases that precluded adding a successor in interest because in those cases the parties were "never served and therefore never before the district court."). Thus, a nonparty must be personally served before a court can exercise any authority over a claim. *Accord Additive Controls & Measurement Sys. v. Flowdata, Inc.*, 154 F.3d 1345 (Fed. Cir. 1998) (reversing lower court's contempt order over non-party because non-party did not have notice of court's injunction).

Thus, serving the suggestion of death upon the attorney for the deceased party is not sufficient to meet the service requirements of Rule 25. *Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir. 1990) (holding that service of decedent's attorney, who was also attorney for decedent's estate, was insufficient under Rule 25(a)(1) because service on nonparties must be made); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985) ("Either a motion to substitute [citation omitted], or the suggestion of death should have been served on the nonparty representative of the deceased, not merely on the deceased's attorney, to satisfy Rule 25(a)(1)."). Serving decedent's attorney does not begin the ninety-day period because the "attorney's agency to act ceases with the death of his client." *Id*. at 962 (citing Restatement (Second) of Agency § 120(1)); *see also Smith v. Planas*, 151 F.R.D. 547, 550 (S.D.N.Y. 1993) (suggestion of death defective when filed by attorney for decedent before that attorney's retention by representative for estate, thus 90 day period had not begun); *cf. Kasting v. American Family Mut. Ins. Co.*, 196 F.R.D. 595 (D. Kan. 2000) (90 day period was triggered by service of the suggestion of death on the widow of the decedent, and not upon service of counsel for the decedent-plaintiff). In sum, a Suggestion of Death requires the identification of the appropriate successors in interest or

representatives of the decedent, and proper service of the same in order to begin the ninety-day period.

In this case, defendant did not serve its Suggestion of Death on any of the representatives or successors of the deceased plaintiff. Eckland Decl. ¶ 4. In addition, defendant was fully aware of the identity of the personal representative of the estate (Mr. James Hardee) and the successors to the interests of Ms. Kassner in this action (Mr. Russell Kassner, Mr. Mark Blaine Walker, and Ms. Gretchen Kassner) at the time that it filed the Suggestion of Death. *See supra* at p.2.[4] Thus, none of the representatives or successors were given an appropriate opportunity to take action in response to the suggestion. Accordingly, the ninety-day clock under Rule 25(a) for submitting a motion for substitution has not yet begun to run, and it is thus premature for defendant to seek dismissal of the claims of Marjorie Kassner under Rule 25 at this time.

**B. The Declaration Filed in Support of Plaintiffs' Motion for Summary Judgment in 2001 Did Not Qualify as a "Suggestion of Death" under Rule 25.**

Defendant filed its Suggestion of Death under Rule 25(a)(1) on or about February 16, 2005, stating that plaintiff Marjorie Kassner passed away on September 8, 1999. Plaintiff filed its motion to substitute within ninety days thereafter. Defendant argues, against a large body of federal law, that the motion was untimely and should be dismissed.

---

[4] As stated in plaintiff's Motion for Substitution, the estate of Marjorie Kassner has been partially distributed but not closed. Mot. Subst. at n.1. Mr. James Hardee has been appointed the personal representative of Ms. Kassner's estate. Under Wyoming law, Mr. Haardee is authorized to maintain claims on behalf of the estate in his capacity as personal representative of the estate. *See* Wyom. Stat. § 2-7-104 ("Actions for the recovery of any property… and all actions founded upon contract, may be maintained by and against the personal representative in all cases where the action may have been maintained by or against their respective testators or intestates."). Indeed, defendant does not appear to dispute that Mr. Hardee would be a proper party to be substituted for Ms. Kassner, if for some reason the distributees of the estate are not deemed proper parties.

The mere knowledge of death, even if mentioned in a court proceeding, is not sufficient to invoke the ninety-day time limit under Rule 25 and dismiss the claim. *Grandbouche v. Lovell*, 913 F.2d 835, 836-837 (10th Cir. 1990) (reference to party's death in court proceedings or pleadings was not sufficient to trigger period for filing motion for substitution); *Hawes v. Johnson & Johnson*, 940 F.Supp. 697, 699-700 (D.N.J. 1996) (mention of plaintiff's death in plaintiffs' class reply brief insufficient to trigger commencement of 90-day time limit). Thus, courts will not dismiss a claim for failure to file a motion for substitution unless a formal written Suggestion of Death has been filed and served in accordance with the requirements of Rule 25. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (formal statement of death is absolutely necessary to begin running of 90-day period); *Kasting v. American Family Mut. Ins. Co.*, 196 F.R.D. 595, 600 (D.Kan. 2000) (suggestion of death must be embodied in written statement); *International Cablevision, Inc. v. Sykes*, 172 F.R.D. 63, 66 (W.D.N.Y. 1997) (strict formalities must be observed in serving formal suggestion of death to trigger 90-day time limit); *Tolliver v. Leach*, 126 F.R.D. 529, 530 (W.D. Mich. 1989) (90-day period begins to run only when formal, written suggestion of death has been filed and properly served).

The only "suggestion of death" in this case that even arguably could have triggered the ninety-day time limit was defendant's filing of February 16, 2005. As defendant acknowledges, plaintiff's motion was filed within ninety days thereafter and thus is timely.

## CONCLUSION

For the reasons set forth above, plaintiffs respectfully request that the Court grant plaintiff's motion and substitute Mr. Russell Kassner as a plaintiff in this action in place of his mother, the deceased plaintiff Marjorie Kassner. In the alternative, plaintiffs request that the Court substitute Mr. Russell Kassner, Mr. Mark Blaine Walker, and Ms. Gretchen Kassner – the

sole successors to the interests of plaintiff Marjorie Kassner in this lawsuit – as plaintiffs in this action in place of Marjorie Kassner. Finally, plaintiffs request that the Court deny defendant's request that the claims of Marjorie Kassner be dismissed on the grounds that defendant's Suggestion of Death was not properly served on the representatives and successors of the estate of Marjorie Kassner in compliance with Rule 25(a), which has prohibited all interested parties, including Mr. James Hardee, the personal representative of the estate, from being able to take action in response to the Suggestion of Death.

Dated: June 28, 2005

**Filed Electronically**

**s/Jeff H. Eckland**

Jeff H. Eckland
Mark J. Blando, Of Counsel
ECKLAND & BLANDO LLP
700 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
Tele: 612-305-4444
Fax: 612-305-4439

*Attorneys for Plaintiffs and for moving parties Russell Kassner, Mark Blaine Walker, and Gretchen Kassner*