**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

GRASS VALLEY TERRACE,
a California Limited Partnership, *et al.*,

Plaintiffs,

v.

THE UNITED STATES

Defendant.

**File No. 98-726C and consolidated cases**
**(Chief Judge Edward J. Damich)**

**JOINT STATUS REPORT**

Pursuant to the Court's Order of June 9, 2005, the parties respectfully submit the following Joint Status Report concerning their progress with respect to the potential for settlement and the additional discovery that the parties desire to conduct should their continuing efforts to resolve this case short of trial be unsuccessful.

The parties have continued to make good progress in their efforts to reach agreement on a framework for calculating damages for the properties in this case. As reported in their previous Joint Status Report, dated June 3, 2005, the parties have already identified what they believe to be the principal elements of determining damages for settlement purposes, and held numerous discussions, including a face-to-face meeting that included counsel and the parties' experts, in an effort to vet their views as to the proper assumptions to be made with respect to each element of damages.

The parties' efforts since the filing of their prior status report have focused on compiling and exchanging additional information intended to support each party's positions on the key

disputed issues and address the other party's positions on those issues. Defendant produced on June 3, 2005, a disc containing copies of numerous market rent surveys and capital needs assessments that constituted the basis for defendant's positions on the issues of market rents and capital needs. Plaintiffs then provided to defendant on June 24, 2005 a lengthy submission including various materials on the issues of market rents, capital needs, and expenses related to conversion. These materials included various industry information and several analyses conducted by plaintiffs' expert witness on damages. Defendant intends to respond to plaintiffs' submission in the near future. Plaintiffs have also requested additional materials from defendant, including certain market information that will be produced once the parties agree upon a Stipulated Protective Order. Throughout these further exchanges, the parties have continued to hold discussions on a regular basis in an attempt to find common ground on the disputed issues.

The primary issues addressed through these further exchanges and discussions have been (1) market rents (*i.e.*, the rents that each property would command on the conventional market), (2) future capital needs (i.e., what assumptions should be made as to the amount, if any, that should be included for the cost replacing capital items, such as roofs, in the conventional market), and (3) expenses related to the conversion of the properties to market uses (*e.g.*, transaction costs for obtaining a commercial loan and any loss of rental income upon conversion). As previously reported, the parties have fundamental differences of opinion on each of these issues. However, the parties believe that their continuing efforts have helped to narrow the gap on each of these issues.

Once these further document exchanges are completed, the parties plan to hold a second face-to-face meeting. This meeting may once again include the parties' experts. The parties

hope to be able to hold this meeting within two to three weeks from the date of this filing. It is expected that, by the time this meeting is completed, the parties will be in a much better position to determine whether they will be able to resolve some or all of the claims and issues involved in this case short of trial. Thus, the parties propose that they submit a further Joint Status Report to the Court detailing the status of their continuing discussions on July 29, 2005.

The parties also wish to address at this time certain issues related to the additional discovery that they have noted they wish to conduct prior to any trial of this matter. The parties' efforts described above have helped further some of the parties' additional discovery needs, and the parties have continued to address the further discovery that will be required in the event that this case must be tried. For example, the documents referenced above that defendant will produce once the parties agree upon terms for a protective order will resolve what was a potential discovery dispute between the parties. However, the date proposed herein for the parties to file their next status report (July 29, 2005) is one business day before the date set in the Court's Order of May 5, 2005 for the completion of additional discovery (August 1, 2005).[1] Thus, if the parties determine by the time of their next filing that a trial must go forward, at least on certain claims and issues, there will not be sufficient time to complete the necessary additional discovery before the current deadline. Accordingly, the parties request that the current deadline for the completion of additional discovery be suspended until the parties' current efforts are completed.

[1] The parties also note that, while the Court's Order referenced additional discovery related to the Quincy and Northway properties, the parties' need for further discovery extends beyond those two properties. For example, the parties may need to conduct the depositions of certain witnesses, related to other properties, who are expected to testify at trial but have not previously been deposed.

Based upon the foregoing progress and the further progress that the parties anticipate, the parties jointly propose as follows: (1) that the suspension of deadlines set forth in the May 5, 2005 Order remain in effect as the parties continue their meetings and exchanges of information, (2) that the parties file another joint status report concerning their progress in this matter on or before July 29, 2005, and (3) that the current deadline of August 1, 2005 for the completion of additional discovery be suspended until the parties complete their current efforts.

Respectfully submitted,

**s/ Jeff H. Eckland**

JEFF H. ECKLAND
Mark J. Blando, Of Counsel
ECKLAND & BLANDO LLP
700 Lumber Exchange
10 South Fifth Street
Minneapolis, Minnesota 55402
Telephone: (612) 305-4440
Facsimile: (612) 305-4439

*Attorneys for Plaintiffs*

Dated: June 29, 2005

**Filed Electronically**
**With the Consent of the**
**Attorney for Plaintiffs**

PETER D. KEISLER
Assistant Attorney General

**s/ David M. Cohen**

DAVID M. COHEN
Director

**s/ Shalom Brilliant**

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
Room 8012
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

*Attorneys for Defendant*

Dated: June 29, 2005