**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

GRASS VALLEY TERRACE,
a California Limited Partnership, *et al.*,

Plaintiffs,

v.

THE UNITED STATES

Defendant.

**File No. 98-726C and consolidated cases**
**(Chief Judge Edward J. Damich)**

**JOINT STATUS REPORT**

Pursuant to the Court's Order of July 13, 2005, the parties respectfully submit the following Joint Status Report concerning their progress with respect to the potential for settlement in this matter.

The parties have continued to make steady progress in their efforts to reach agreement on a framework for calculating damages for the properties in this case. In their last Joint Status Report, the parties stated that plaintiffs had provided to defendant a lengthy submission (including various materials on the issues of market rents, capital needs, and expenses related to conversion), and that defendant intended to respond to plaintiffs' submission in the near future. After further discussions, on July 19, 2005, defendant provided plaintiff with a detailed written response to plaintiffs' submission, including various exhibits concerning the income and expense components of the damage computation methodology that the parties had been discussing.

Subsequent to plaintiffs' review of defendant's July 19, 2005 response, counsel for the parties conferred several times again and were successful in further narrowing the differences

between their positions concerning the income and expense components involved in computing damages. Through these additional exchanges and discussions, the parties believe that they have fully vetted their respective views on the major damages assumptions at issue.

As a result of these efforts, the parties have concluded that it may not be necessary fully to close the gap between their positions concerning each of these damages components. Rather, the parties believe that by computing total damages for each plaintiff based upon the sets of assumptions that each party believes to be appropriate, they may be able to arrive at amounts that are close enough to produce a compromise between the parties' respective totals. Through this process, the parties will be able to evaluate the impact of the differences in their respective positions in a more concrete manner.

Thus, the parties plan to begin the process of calculating proposed damages figures for each property in the near future. This process may be time-consuming, given the large number of properties in this case. Once this process is completed, however, the parties will be in a position to determine whether they can reach agreement on a specific damages figure for each property. In addition, the parties are hopeful that after several sets of calculations have been completed, they will be able to arrive at a single set of damages assumptions that can be applied to the remaining properties in this case.

Based upon the foregoing progress and the further progress that the parties anticipate, the parties jointly propose that the suspension of deadlines set forth in the Court's May 5, 2005 Order remain in effect as the parties continue their negotiations, and that the parties file another joint status report concerning their progress in this matter on or before August 19, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/ David M. Cohen**
DAVID M. COHEN
Director

**s/ Jeff H. Eckland**
JEFF H. ECKLAND
Eckland & Blando LLP
700 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
Tele: (612) 305-4444
Fax: (612) 305-4439

*Attorney for Plaintiff*

**s/ Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
Room 8012
Washington, D.C. 20530
Tele: (202) 305-7561
Fax: (202) 305-7643

*Attorneys for Defendant*

**Filed Electronically with the Consent of the Attorney for Plaintiff**

July 29, 2005