**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

GRASS VALLEY TERRACE,
a California Limited Partnership, *et al.*,

Plaintiffs,

v.

THE UNITED STATES

Defendant.

**File No. 98-726C and consolidated cases**
**(Chief Judge Edward J. Damich)**

**JOINT STATUS REPORT**

Pursuant to the parties' prior Joint Status Report dated July 29, 2005, the parties respectfully submit the following Joint Status Report concerning their progress with respect to the potential for settlement in this case.

The parties continue to make good progress in their efforts. As stated in their prior Joint Status Report, the parties decided to leave their remaining disagreements regarding the proper methodology for calculating damages aside, at least for the time being, and begin running specific damages analyses for certain properties based upon the respective sets of assumptions that each party currently believes is acceptable. After further discussions, the parties began this process and have enlisted the assistance of their experts in calculating proposed damages amounts. Defendant recently submitted to plaintiffs its first batch of damages analyses, consisting of seven properties, and plaintiffs are near to submitting their first batch of analyses to defendant. In addition, the parties are pleased to report that they were able to narrow the number of disputed issues as to the proper assumptions to be made for each damages parameter at issue,

and thus have been conducting their damage calculations based on a smaller number of diverging assumptions than previously anticipated.[1]

As envisioned by the parties in their prior Joint Status Report, it appears that this process will prove helpful in enabling the parties to evaluate the impact of their positions in a more concrete manner. As also anticipated, however, it appears that the process the parties have embarked upon will be time-consuming, given the large number of properties at issue in this case. Further, it appears that there may be other issues that the parties will need to address and resolve as they work through this process. Nonetheless, the parties continue to be pleased with the progress of their efforts and wish to continue with the process of calculating proposed damages amounts for the properties at issue.

Based upon the foregoing progress and the further progress that the parties anticipate, the parties jointly propose that the suspension of deadlines set forth in the Court's May 5, 2005 Order remain in effect as the parties continue their negotiations, and that the parties file another joint status report concerning their progress in this matter on or before September 14, 2005. At that time, the parties also will address whether they believe that the current deadline of October 1, 2005 for the parties to complete additional discovery should be extended so that the parties can continue to work to resolve their differences as to the proper calculation of damages for each of the properties in this case.

---

[1] The parties have agreed that neither party will be bound by the figures calculated through this process, either for settlement purposes or at trial should the parties' efforts to resolve this matter fail.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/ David M. Cohen**
DAVID M. COHEN
Director

**s/ Jeff H. Eckland**
JEFF H. ECKLAND
Eckland & Blando LLP
700 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
Tele: (612) 305-4444
Fax: (612) 305-4439

*Attorney for Plaintiff*

**s/ Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
Room 8012
Washington, D.C. 20530
Tele: (202) 305-7561
Fax: (202) 305-7643

*Attorneys for Defendant*

**Filed Electronically with the**
**Consent of the Attorney for Defendant**

August 19, 2005