# In the United States Court of Federal Claims

Nos. 98-726C, 98-726-2C through 980726-14C and
04-1299C & 04-1317C
(Consolidated)

(Filed: January 31, 2006)

| | | |
|---|---|---|
| **GRASS VALLEY TERRACE, A CALIFORNIA LIMITED PARTNERSHIP, et al.,** | * | Motion for substitution under RCFC 25(a) and RCFC 17(b) |
| Plaintiffs, | * | |
| v. | * | |
| **THE UNITED STATES**, | * | |
| Defendant. | * | |

*Jeff H. Eckland*, Eckland & Blando LLP, Minneapolis, MN, counsel of record for Plaintiffs, with whom was Mark J. Blando, Of Counsel.

*Shalom Brilliant,* Senior Trial Counsel, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., counsel of record for Defendant, with whom were *Peter D. Keisler*, Assistant Attorney General, and *David M. Cohen*, Director.

## OPINION AND ORDER

**DAMICH,** Chief Judge.

## I. Introduction

This matter is before the court on Plaintiffs' and Russell Kassner's motion for substitution of deceased Plaintiff Margorie W. Kassner ("Ms. Kassner") pursuant to Rules 25(a)

and 17(b) of the Rules of the United States Court of Federal Claims ("RCFC").[1] Plaintiffs contemplate three possible scenarios to effectuate the substitution of Ms. Kassner. Defendant opposes Plaintiffs' motion on the grounds that it is untimely and that, even if timely, the Plaintiffs have not identified the proper parties to be substituted. For the reasons stated below, Plaintiffs' Motion for Substitution is GRANTED.

## II. Background

On September 16, 1998, Plaintiffs in this consolidated action filed suit against Defendant. Plaintiffs are owners of real estate properties developed under a low-income housing program with the Farmers Home Administration ("FmHA"). Compl. ¶ 19. Through this program, the FmHA contracted with Plaintiffs to construct, rehabilitate, and/or improve housing projects in various communities. *Id.* The parties entered into loan agreements that imposed certain obligations upon them – obligations that are at the center of this lawsuit. *Id.* ¶¶ 19-25.

In their complaint, Plaintiffs allege that the loan agreements they entered into with the FmHA provided them with the right to prepay their loans at any time and exit the low-income housing program entirely. *Id.* ¶ 2. However, Plaintiffs assert that their prepayment rights were affected by legislation Congress enacted during the period of 1979 to 1992. *Id.* ¶ 3. Concerned with the effect these legislative enactments had on their loan agreements, Plaintiffs filed suit alleging that the legislation constituted an anticipatory repudiation of the loan agreements by impairing their ability to prepay the loans. *Id.* ¶ 53. In addition, Plaintiffs alleged that the legislative acts constituted an improper taking of their property under the Fifth Amendment. *Id.*[2]

On September 8, 1999, less than a year after Plaintiffs filed suit, Plaintiff Ms. Kassner passed away. Pls.' Mot. ¶ 1. On November 29, 2000, Plaintiffs noted Ms. Kassner's death in an exhibit that was appended to their response to Defendant's motion for summary judgment that was pending at that time. *See id.* at Ex. A. ¶ 1 (stating "I am one of the four heirs of Marjorie W. Kassner, who is now deceased"); *see also* Response by All Plaintiffs to Defendant's Motion for Summary Judgment at Ex. 16 ¶ 1, filed on November 29, 2000. Inexplicably, however, Plaintiffs did not file a formal suggestion of death at that time.[3] On February 16, 2005, several years after

---

[1]Although styled as a joint motion by Plaintiffs and Russell Kassner, the court will refer to it as Plaintiffs' motion ("Pls.' Mot.").

[2]In a December 21, 2005, Opinion and Order, this court provided a detailed examination of the background of this consolidated action. *See* Order and Published Opinion Denying Defendant's Motion to Dismiss at 2-4, issued on December 21, 2005. As the instant motion pertains solely to substitution, it is unnecessary to repeat such a discussion.

[3]RCFC 25(a)(1) provides that a motion for substitution must be made within 90 days after the party's death is suggested upon the record. The rule does not require that the suggestion of death occur within a certain period of time after a party's death. However, a diligent attorney

Ms. Kassner's death, Defendant filed a formal suggestion of death under RCFC 25(a)(1), wherein it stated, "defendant suggests upon the record that the plaintiff in Case No. 98-7263C, Margorie W. Kassner, died on September 8, 1999." *See* Suggestion of Death, filed on February 16, 2005. In response, on May 17, 2005, Plaintiffs filed the motion for substitution that is currently pending before the court.

## III. Discussion

### A. The Arguments of the Parties

#### 1. Plaintiffs' Request for Substitution

From Plaintiffs' brief three possible scenarios emerge to effectuate the substitution of Ms. Kassner. First, Plaintiffs argue that Ms. Kassner's son, Russell Kassner, should be substituted because he is a distributee of Ms. Kassner's Estate and, thus, he is her successor. Pls' Mot. ¶¶ 1-2, 6. Specifically, under the partial distribution order issued by the Wyoming State court,[4] Russell Kassner is currently slated to receive a one-third interest in "any and all net proceeds obtained as a result of damages awarded to the Estate of Margorie Kassner in . . ." this case. *Id.* at Ex. B. As a second possibility, Plaintiffs assert that Russell Kassner, Mark Blaine Walker, and Gretchen Kassner would be proper substitutes because they are the three distributees to Ms. Kassner's interests in this lawsuit and, thus, are her successors. Pls.' Reply at 7. Specifically, the partial distribution order issued by the Wyoming State court provides that these three individuals each hold a one-third interest in any damages that Ms. Kassner's Estate may receive in this case. Pls.' Mot. at Ex. B. As an alternative to the proposals above, Plaintiffs contemplate that if the court determines that the distributees are not proper substitutes because the estate has not been fully distributed and has not closed, then the personal representative of Ms. Kassner's Estate may act as a substitute. *Id.* ¶ 2 n.1; Pls.' Reply at 10 n.4.

#### 2. Defendant's Arguments in Opposition

Defendant opposes Plaintiffs' motion on two grounds. First, Defendant argues that Plaintiffs' motion is untimely because RCFC 25 requires that a motion for substitution must be made within "90 days after the death is suggested upon the record . . . ." Def.'s Opp'n at 2. In support, Defendant asserts that although Plaintiffs filed their motion within 90 days after it filed the formal suggestion of death, Ms. Kassner's death was first suggested upon the record on November 29, 2000, when Plaintiffs noted her death in an exhibit that was appended to their

---

would have filed such a suggestion shortly after Ms. Kassner's death.

[4]In determining whether the individuals suggested by Plaintiffs are "proper parties" for substitution, Wyoming law is applicable because Ms. Kassner was domiciled in Wyoming and the distribution of her estate is in accordance with Wyoming law. RCFC 17(b) (stating "capacity to sue or be sued shall be determined by the law of the applicable state . . .").

response to a motion that was pending at that time.[5] *Id.* Thus, Defendant argues that Plaintiffs should have filed a motion to substitute within 90 days therefrom. *Id.* at 2-3. In their reply, Plaintiffs argue that the 90-day clock is not triggered until a formal "suggestion of death" is filed. Pls.' Reply at 11.

Second, Defendant challenges the substitution of the individuals suggested by Plaintiffs. As to Russell Kassner, Defendant argues that he only holds a one-third interest in the net proceeds and, thus, his substitution alone would be inconsistent with the partial distribution order. *Id.* at 2. With regard to all three distributees together, Defendant argues that their substitution would also be improper because although they represent the entire share of Ms. Kassner's interests in this case, the partial distribution order makes clear that any damages awarded are to be "awarded to the Estate of Margorie Kassner" and not to the distributees. *Id.* at 1-2 (citing Pls.' Mot. at Ex. B). According to Defendant, the distributees only received the "right to net proceeds obtained as a result of any such award." *Id.* With regard to the substitution of the personal representative of Ms. Kassner's Estate, Defendant argues that Plaintiffs never named the estate as a party nor did the Plaintiffs formally move to substitute the estate as a party. *Id.* at 2 n.1.

**B. Substitution Under RCFC 25**

**1. Plaintiffs' Motion is Timely**

RCFC 25(a) does not discuss the required form of a suggestion of death except for stating that it must occur by "statement of the fact of death." There is no Federal Circuit precedent on this issue, so the court turns to cases construing Rule 25(a)(1) of the Federal Rules of Civil Procedure ("FRCP").[6] The courts that have considered this issue under the FRCP have determined that a *formal* suggestion of death is required to trigger the 90-day clock. *E.g.*, *Grandbouche v. Lovell*, 913 F.2d 835, 836-37 (10th Cir. 1990) (holding that "the running of the ninety-day limitations period under Rule 25(a)(1) is not triggered unless a *formal* suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death. Mere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the limitations period for filing a motion for substitution.") (emphasis added); *Barlow v. Ground*, 39

---

[5]Defendant states that Plaintiffs filed their response on November 11, 2000, however, the docket reflects that November 29, 2000, is the actual date. *See* Response by All Plaintiffs to Defendant's Motion for Summary Judgment, filed on November 29, 2000.

[6]FRCP 25(a)(1) is slightly different from RCFC 25(a)(1) in that it requires service upon non-parties in addition to parties. *See* FRCP 25(a)(1) (stating the motion for substitution "shall be served on the parties as provided in Rule 5 *and upon persons not parties in the manner provided in Rule 4* . . . "). Apart from this distinction, however, the rule contains the same language regarding the suggestion of death and the same 90-day requirement for filing a motion to substitute.

F.3d 231, 233 (9th Cir. 1994) (stating that "a party must *formally* suggest the death of the party upon the record") (emphasis added); *Hawes v. Johnson & Johnson*, 940 F. Supp 697, 700 (D.N.J. 1996) (holding that the "mere reference to the death of [one plaintiff] in plaintiffs' reply brief . . . was insufficient to trigger the commencement of the 90 day time limit"); *Henkel v. Stratton*, 612 F. Supp. 190, 191 n.1 (N.D. Ohio 1985) (citations omitted) (holding that the notations in defendant's briefs stating that plaintiff had passed away were insufficient to qualify as a suggestion of death). In reaching the conclusion that a formal suggestion is required, these courts seem to recognize that the purpose of requiring a suggestion of death is "to inform all interested persons of the death so that they may take appropriate action." *See Barlow*, 39 F.3d at 233; *see also Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985) (stating that "the rule seeks to assure the parties to the action and other concerned persons [have] notice of the death so that they may take appropriate action to make substitution for the deceased party") (internal quotations omitted).

Here, Defendant asserts that a notation appearing in Plaintiffs' reply brief filed on November 29, 2000, equates with a suggestion of death. In considering this assertion, several observations are relevant. First, the notation appeared as such: "I am one of the four heirs of Marjorie W. Kassner, who is now deceased." Pls.' Mot. at Ex. A ¶ 1. Although the statement notes Ms. Kassner's death, it does not appear in a form that is easily discernible by interested persons. Specifically, the statement did not appear in a document entitled "Suggestion of Death." In fact, the document was labeled "Declaration of Margaret S. Wilcoxin" and appeared in Exhibit 16 to Plaintiffs' reply brief. Response by All Plaintiffs to Defendant's Motion for Summary Judgment, App. at Ex.16 ¶ 1, filed on November 29, 2000. Not only was the reply brief 50 pages, but the appendix containing the exhibit was 474 pages and Ms. Kassner's death was noted on page 447. *See id*. Clearly, Plaintiffs did not intend for this notation to serve as the suggestion of death required by RCFC 25(a).

Although the language of RCFC 25, like FRCP 25, does not discuss the form a suggestion of death must take, logic dictates that the suggestion of death requirement has a purpose – to notify all interested persons of a party's death so that they may take appropriate action to preserve the decedent's claim. If parties could satisfy the requirement by simply placing a one line notation in a voluminous court filing, gamesmanship may ensue – a result that would undermine the purpose of the rule and cause great injustice. Moreover, parties and interested persons alike should not have to scrutinize all the filings in a case to ascertain a fact of great legal consequence. Therefore, the court finds that the November 29, 2000, notation by Plaintiffs did not constitute a suggestion of death. Thus, Plaintiffs' motion is timely.

### 2. None of the Distributees are Proper Substitutes

As it is evident that Plaintiffs' motion is timely, the court must now determine whether Plaintiffs satisfy the remaining requirements for substitution. RCFC 25(a) provides: "if a party dies and the claim is not thereby *extinguished*, the court may order substitution of the *proper parties*." (emphases added). Plaintiffs argue that Ms. Kassner's contract and takings claims have

not extinguished because they are compensatory in nature. Pls.' Mot. ¶ 5. Defendant does not dispute Plaintiffs' assertion, and there is ample case law to support it.[7] Therefore, the court finds that Plaintiffs' contract and takings claims concern her property rights and, thus, did not extinguish upon her death.

The court must now determine whether any of the proffered individuals are "proper parties" for substitution under RCFC 25(a)(1).

Plaintiffs assert that the proffered substitutes (Russell Kassner or Russell Kassner, Mark Blaine Walker, and Gretchen Kassner) are "proper parties" because they are distributees of Ms. Kassner's interests in the outcome of this lawsuit. Pls.' Reply at 5-7; RCFC 25(a)(1); WYO. STAT. § 2-1-301 (xiii) (2005) (stating that "'[d]istributee' means a person entitled to any property of the decedent under his will or under the statutes of intestate succession"). Defendant opposes the substitution of these distributees. As to Russell Kassner, alone, Defendant asserts that he is an improper substitute because he only holds a one-third interest in any damages awarded from this lawsuit and, thus, his substitution would be inconsistent with the partial distribution order. Def.'s Opp'n at 2. As to the three distributees together, Defendant argues that their substitution would also be improper because, although they represent the entire share of Ms. Kassner's interests in this case, the partial distribution order makes clear that any damages awarded are to be "awarded to the Estate of Margorie Kassner" and not directly to the distributees. *Id.* at 1-2 (citing Pls.' Mot. at Ex. B). According to Defendant, the distributees only received the "right to net proceeds obtained as a result of any such award." *Id.*

Wyoming case law is not instructive on this issue. Courts of other jurisdictions that have considered it have determined that a distributee is not a "proper party" for purposes of substitution until the estate has been *fully distributed*. *E.g*, *McSurely v. McClellan*, 753 F.2d 88, 99 (D.C. Cir. 1985) (affirming the substitution of the distributees and stating that "the distributee of a *distributed* estate is a 'proper party' for substitution under Rule 25(a)(1)") (emphasis added); *Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969) (stating that "[t]he addition of 'successor' in the Rule would take care of the case of, say, the distributee of an estate *that had been distributed*)

---

[7]*See Almour v. Pace*, 193 F.2d 699, 702 n.2 (D.C. Cir. 1951) (stating that whether a claim is extinguished upon death depends on its substantive nature. There is a "general distinction . . . between suits based on claims personal to the plaintiff, such as actions for injury sounding in tort, and those seeking vindication of some right of property or contract." "[P]ersonal claims abate, on the theory that the rights and duties die with the person, while actions concerning property survive since they affect the estate of the deceased."); *Heikkila v. Barber*, 308 F.2d 558, 561 (9th Cir. 1962) (stating that "[a]t common law actions on contract generally survive"); *Acebal v. United States*, 60 Fed. Cl. 551, 557 (2004) (holding that "decedents' causes of action under both the FLSA and FEPA survive to the representatives of the estates"); *see also* 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1954 (2d ed. 1986) (stating that "[i]t continues to be the federal law that actions on contracts and those involving property rights survive the death of a party") (citations omitted).

(emphasis added); *Graham v. Henderson*, 224 F.R.D. 59, 64 (N.D. N.Y. 2004) (stating that "[a] successor of the deceased party is a 'distributee' of the decedent's estate *if the decedent's estate has been distributed* at the time the motion for substitution has been made") (citations omitted) (emphasis added); *Grononowicz v. Leonard*, 109 F.R.D. 624, 626 (S.D.N.Y. 1986) (holding that "[a] distributee of an estate is a 'proper party' under Rule 25(a) if the estate of the deceased *has been distributed* at the time the motion for substitution has been made"); *Ashley v. Ill. Cent. Gulf R.R. Co.*, 98 F.R.D. 722, 724 (D.C. Miss. 1983) (citations omitted) (emphasis added) (stating that "[u]nless the estate of a deceased party *has been distributed* at the time of the making of the motion for substitution, the 'proper' party for substitution would be either the executor or administrator of the estate of the deceased. 'Successors' would be the distributees of the decedent's estate *if his estate had been closed*.") (emphases added).

The court finds these cases persuasive. Requiring the full distribution of an estate before a distributee may act as a substitute ensures that the distribution is final and not subject to any alterations. In addition, it ensures that the substituted party is in fact legally entitled to the interests at issue. Here, Plaintiffs concede that the estate has only been partially distributed. Pls.' Mot. ¶ 2. In addition, the partial distribution order that was issued by a Wyoming State court seems to indicate that the distribution, although approved, is not yet final and is subject to later review. *See* Pls.' Mot. at Ex. B (stating that it is "subject to review upon the final account and closing thereof"). Accordingly, the court finds that none of the three distributees are "proper parties" at this time and, thus, they cannot be substituted for Ms. Kassner. RCFC 25(a)(1).[8]

### 3. The Personal Representative of Ms. Kassner's Estate is a Proper Substitute

Plaintiffs alternatively suggest that the personal representative of Ms. Kassner's Estate could act as a substitute. Pls.' Mot. at ¶ 2 n.1; Pls.' Reply at 10 n.4. In opposition, Defendant argues that in the course of this litigation Plaintiffs never named the estate as a party nor have the Plaintiffs formally moved to substitute the estate as a party. Def.'s Opp'n at 2 n.1.

Defendant is correct that Plaintiffs did not *formally* move to substitute the estate. In a footnote within their brief, however, Plaintiffs state that "as an alternative to naming Russell Kassner as plaintiff in substitution of his mother, the Estate of Margorie Kassner remains a proper party to this action." Pls.' Mot. at ¶ 2 n.1. Although Defendant may again be correct in that the Estate of Margorie Kassner does not *remain* a party to this action since Plaintiffs never named the estate as a party, the court believes that the footnote indicates, at the least, that the Plaintiffs contemplated the estate as a possible party. Thus, the court finds Defendant's arguments to be overly technical, especially since the Federal Circuit has stated that courts should be lenient in permitting substitution. *See First Hartford Corp. Pension Plan & Trust v. United*

---

[8]As the court finds that none of these distributees are proper substitutes, it is unnecessary to consider the related arguments raised by Defendant. *See supra* Section III, B, 3 (discussing Defendant's arguments).

*States*, 194 F.3d 1279, 1289 (Fed. Cir. 1999) (stating that RCFC 17(a) "sets forth the broad and general principle that actions should be brought in the name of the real party in interest and that *courts should be lenient* in permitting ratification, joinder, or substitution of that party") (emphasis added). Accordingly, as Wyoming law authorizes personal representatives to maintain suits founded upon contractual disputes, James A. Hardee may be substituted under RCFC 25(a)(1) on behalf of Ms. Kassner's Estate. WYO. STAT. § 2-7-104 (2005).

## IV. Conclusion

In view of the foregoing, the Court hereby ORDERS the following:

(1) Plaintiffs' May 17, 2005, Motion for Substitution of Plaintiff Margorie Kassner is GRANTED.

(2) Mr. James A. Hardee, as personal representative of Ms. Kassner's Estate, is hereby ORDERED to file an amended complaint on or before **February 28, 2006.** In the event that Mr. Hardee is no longer the personal representative, the current personal representative shall file an amended complaint by the abovementioned date. If the personal representative fails to file an amended complaint by this date, the cause of action, as it pertains to Ms. Kassner, shall be dismissed.

(3) The Clerk is directed to change the caption of the case to reflect the substitution of the personal representative of Margorie Kassner's Estate.

s/Edward J. Damich
EDWARD J. DAMICH
Chief Judge