# In the United States Court of Federal Claims

Nos. 98-726C, 98-726-2C through 98-726-14C and
04-1299C & 04-1317C
(Consolidated)

(Filed: January 31, 2006)

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **GRASS VALLEY TERRACE, A CALIFORNIA LIMITED PARTNERSHIP, et al.,** | * | Motion for substitution under RCFC 17(a) |
| Plaintiffs, | * | |
| v. | * | |
| **THE UNITED STATES,** | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Jeff H. Eckland*, Eckland & Blando LLP, Minneapolis, MN, counsel of record for Plaintiffs, with whom was *Mark J. Blando*, Of Counsel.

*Shalom Brilliant*, Senior Trial Counsel, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., counsel of record for Defendant, with whom were *Peter D. Keisler*, Assistant Attorney General, and *David M. Cohen*, Director.

---

## ORDER AND OPINION

---

**DAMICH**, Chief Judge.

## I. Introduction

This matter is before the court on Plaintiffs' and D&G Apartments' ("D&G") Motion for Substitution of deceased Plaintiff Eileen Kothe ("Ms. Kothe") pursuant to Rules 17(a) and 25(a) of

the Rules of the United States Court of Federal Claims ("RCFC").[1] Plaintiffs assert that substitution is proper under RCFC 17 because D&G is the real party in interest. Alternatively, Plaintiffs request that the court substitute Ms. Kothe's son, Glen Kothe, under RCFC 25. Defendant opposes the motion, primarily arguing that, since Ms. Kothe never had standing to sue, no substitution may be made. For the reasons discussed herein, Plaintiffs' motion is GRANTED.

## II. Background

On September 16, 1998, Plaintiffs in this consolidated action filed suit against Defendant. Plaintiffs are owners of real estate properties developed under a low-income housing program with the Farmers Home Administration ("FmHA"). Compl. ¶ 19. Through this program, the FmHA contracted with Plaintiffs to construct, rehabilitate, and/or improve housing projects in various communities. *Id.* The parties entered into loan agreements that imposed certain obligations upon them – obligations that are at the center of this lawsuit. *Id.* ¶¶ 19-25.

In their complaint, Plaintiffs allege that the loan agreements they entered into with the FmHA provided them with the right to prepay their loans at any time and exit the low-income housing program entirely. *Id.* ¶ 2. However, Plaintiffs allege that their prepayment rights were affected by legislation Congress enacted during the period of 1979 to 1992. *Id.* ¶ 3. Concerned with the effect these legislative enactments had on their loan agreements, Plaintiffs filed suit alleging that the legislation constituted an anticipatory repudiation of the loan agreements by impairing their ability to prepay the loans. *Id.* ¶ 53. In addition, Plaintiffs alleged that the legislative acts constituted an improper taking of their property under the Fifth Amendment. *Id.*[2]

Although Ms. Kothe was a named Plaintiff in this case, the loan agreements underlying her lawsuit were not executed by her, but rather by Darrel and Glen Kothe on behalf of D&G. In 2001, a few years after Plaintiffs filed suit, Ms. Kothe passed away. Pls.' Mot. ¶ 3. Inexplicably, however, Plaintiffs did not file a suggestion of death at that time.[3] On February 17, 2005, several years after Ms. Kothe's death, Defendant filed a suggestion of death pursuant to RCFC 25. *Id.* ¶ 5. In response, on May 18, 2005, Plaintiffs filed the motion for substitution currently pending before

---

[1]Although styled as a joint motion by Plaintiffs and D&G, the court will refer to it as Plaintiffs' motion (Pls.' Mot.)

[2]In a December 21, 2005, Opinion and Order, this court provided a more detailed examination of the background of this consolidated action. *See* Order and Published Opinion Denying Defendant's Motion to Dismiss at 2-4, issued on December 21, 2005. As the instant motion pertains solely to substitution, it is unnecessary to repeat such a discussion here.

[3]RCFC 25(a)(1) provides that a motion for substitution must be made within 90 days after the party's death is suggested upon the record. The rule does not require that the suggestion of death occur within a certain period of time after a party's death. However, a diligent attorney would have filed such a suggestion shortly after Ms. Kothe's death.

the court.

## III. Discussion

### A. The Arguments of the Parties

#### 1. Plaintiffs' Request for Substitution

Plaintiffs argue that since D&G is the real party in interest it may be substituted for Ms. Kothe under RCFC 17. Pls.' Mot. ¶ 6. In this regard, Plaintiffs assert that D&G is a Minnesota General Partnership and that it owns the properties underlying Ms. Kothe's claim against Defendant. *Id.* ¶ 1. In addition, Plaintiffs assert that D&G is in privity of contract with the FmHA because D&G entered into the loan agreements with the FmHA through its partners, Darrel and Glen Kothe. *Id*. (citing Ex. A, B). Alternatively, Plaintiffs request that the court substitute Ms. Kothe's son, Glen Kothe, under RCFC 25, as her successor. *Id.* ¶ 8.

#### 2. Defendant's Arguments in Opposition

In opposition, Defendant argues that because Ms. Kothe was not a party to the loan agreements with the FmHA she lacks privity of contract and, thus, does not have standing to sue. Def.'s Opp'n at 2. In support, Defendant asserts that without standing, the court lacks jurisdiction over her claims. *Id.* Defendant also asserts that D&G may not be substituted because Ms. Kothe plead the claims as her own and, thus, the claims cannot be construed as claims made on behalf of D&G. *Id.* Defendant requests that the court deny Plaintiffs' motion to substitute and dismiss Ms. Kothe's claims for lack of jurisdiction. *Id.* at 2-3. In opposition to Plaintiffs' alternative request to substitute Glen Kothe, Defendant asserts that although Glen Kothe may be a successor under RCFC 25, as Ms. Kothe never had standing to sue, neither do her successors. *Id.* at 2.

#### 3. Plaintiffs' Reply

In response to Defendant' standing argument, Plaintiffs argue that any such defect may be remedied through D&G's substitution. Pls.' Reply at 2-3.

### B. Substitution Under RCFC 17(a)

#### 1. Standing

It is well established that a party only has standing to assert a contract claim in the Court of Federal Claims if that party is in privity of contract with the government. *See Erickson Air Crane Co. v. United States*, 731 F.2d 810, 813 (Fed. Cir. 1984). Absent privity, a party lacks standing to sue and the court would not have jurisdiction to resolve the claims raised by the party. *Nat'l Leased Housing Ass'n v. United States*, 105 F.3d 1423, 1435 (Fed. Cir. 1997) (stating that "privity of contract with the United States . . . [is] an undisputed prerequisite for standing to sue in the Court of

Federal Claims under the Tucker Act").

From the record, it appears that Ms. Kothe was never in privity of contract with the FmHA because the loan agreements were executed by Darrel and Glen Kothe on behalf of D&G, and Ms. Kothe was not a party to those agreements. Pls.' Mot. ¶ 1. Dismissal, however, is not appropriate where a standing defect may be cured by substitution of the real party in interest. RCFC 17(a) requires that the court provide the real party in interest with an opportunity to move for substitution after an objection has been made as to the standing of the original party.[4] In addition, the Federal Circuit has stated that courts should be lenient in allowing parties to substitute the real party in interest under RCFC 17(a). *See First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279, 1289 (Fed. Cir. 1999) (stating that RCFC 17(a) "sets forth the broad and general principle that actions should be brought in the name of the real party in interest and that *courts should be lenient* in permitting ratification, joinder, or substitution of that party") (emphasis added).

Although in terms aimed at the substitution of D&G, Defendant also seems to make a broad argument that, because Plaintiffs' claims were "unmistakably pleaded as Ms. Kothe's own," they cannot be construed as claims on behalf of D&G – or, by implication, on behalf of anyone else. Def.'s Opp'n at 2. It is difficult to ascertain what this argument adds to the undeniable fact that Ms. Kothe, according to the complaint, made the same claims as the other Plaintiffs and these claims (in her case) related to a contract with the government regarding D&G. Both parties agree that she did not enter into such a contract – but the claims, the contract, and the property, at issue, remain the same. Despite Defendant's argument, this situation seems to be precisely what RCFC 17(a) contemplates – the original party, by mistake or otherwise, filed suit on her own behalf rather than on behalf of the partnership. After the original party's error is discovered, the real party in interest requests to be substituted regarding the same claims, the same contract, and the same property.

Therefore, despite the fact that Ms. Kothe was not in privity of contract with the government and despite the fact that she plead the claims as her own, RCFC 17(a) provides the remedy of substitution of the real party in interest. The only question remaining is: Who is the real party in interest?

### 2. D&G is the Real Party in Interest

D&G argues that it should be substituted for Ms. Kothe because it is the real party in interest. Pls.' Reply at 2. In support thereof, D&G asserts that it is in privity of contract with the FmHA because it entered into the two loan agreements with the FmHA through its partners. In addition, D&G contends that it is the owner of the real estate properties subject to the loan agreements. *Id.*

---

[4]RCFC 17(a) provides: "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest."

Within the context of RCFC 17(a), a real party in interest has been defined as the party that "possesses the right to be enforced." *Mitchell Food Prod., Inc. v. United States*, 43 Fed. Appx. 369 (Fed. Cir. 2002) (remanding the case to the trial court to determine whether Mitchell Food is the real party in interest and stating that "[t]he real party in interest requirement . . . focuses on ensuring that the proper plaintiff is prosecuting the claim, i.e., that the plaintiff is the person who possesses the right to be enforced"). Here, D&G owns the properties underlying Ms. Kothe's claims and is in privity of contract with the FmHA regarding the loan agreements at issue. Accordingly, there is no question that D&G possesses the substantive right to bring suit for breach of the loan agreements - the claim being litigated here. Therefore, D&G is the real party in interest.[5]

In addition, RCFC 17(b) requires that D&G possess the capacity to sue under its state law. Here, Minnesota law is applicable because D&G is a Minnesota partnership. As Minnesota law provides that "[a] partnership may sue and be sued in the name of the partnership," this requirement is satisfied. MINN. STAT. § 323A.0307(a) (2005).[6]

Accordingly, D&G may be substituted for deceased Plaintiff Ms. Kothe. For all the aforementioned reasons, Plaintiffs' Motion is GRANTED.

## IV. CONCLUSION

In view of the foregoing, the court hereby ORDERS the following:

(1) The Plaintiffs' May 18, 2005, Motion for Substitution of Plaintiff Eileen Kothe is GRANTED.

(2) D&G is hereby ORDERED to file an amended complaint on or before **February 28, 2006**. If D&G Apartments fails to file an amended complaint by this date, its cause of action shall be dismissed.

---

[5]In light of the court's finding that D&G is the real party in interest, it is unnecessary for the court to consider Plaintiffs' alternative request to substitute Glen Kothe, personally, on behalf of his mother, Ms. Kothe.

[6]RCFC 17(b) provides that partnerships who lack the capacity to sue under applicable law, may, nonetheless, sue in their own name to enforce a "substantive right existing under the Constitution or laws of the United States." It is unnecessary for the court to consider the applicability of this exception because D&G possesses the right to sue under Minnesota law.

(3) The Clerk is directed to change the caption to reflect the substitution of D&G Apartments for deceased Plaintiff Ms. Eileen Kothe.

s/Edward J. Damich
EDWARD J. DAMICH
Chief Judge