**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

GRASS VALLEY TERRACE, a California Limited Partnership, *et al*.,

Plaintiffs,

vs.

UNITED STATES,

Defendant.

**Civil No. 98-726C; 98-726-2C through 98-726-14C; 04-1299C & 04-1317C**

**Chief Judge Edward J. Damich**

**MOTION OF PLAINTIFF ABCD TRUST TO SUBSTITUTE REAL PARTIES IN INTEREST PURSUANT TO RCFC 17(a)**

## INTRODUCTION

In its Order of December 21, 2005, this Court directed that plaintiff ABCD Trust ("ABCD") reassess whether it is the real party in interest under Rule 17(a) of the Rules of the United States Court of Federal Claims ("RCFC"). Having completed this analysis, ABCD now moves to substitute as real parties in interest in this action five individual members of the Koh family: Maria L. Koh (mother) and her four children (Audrey S. Koh, Barbara E. Koh, Christopher J. Koh, and David A. Koh), collectively, "the Kohs".

Pursuant to Assumption Agreements they executed with the FmHA, the Kohs assumed ownership of the Viewmont East Apartments ("Viewmont") and the Heritage Apartments ("Heritage"), two properties at issue in this litigation. The Assumption Agreements incorporated the terms of the original promissory notes and mortgages issued by the FmHA, including the right to prepay the loan and thereby free the property of regulatory restrictions. Subsequent to the execution of the Assumption Agreements, the individual interests of the Kohs were transferred into family trusts. Under these revocable trusts, the Kohs retained their beneficial interest in the properties as well as the legal right to control disposition of the properties. Under

applicable law, even after creation of the family trusts the Kohs remained the real parties in interest. Accordingly, the Kohs are proper party plaintiffs under RCFC Rule 17(a).

**FACTUAL BACKGROUND**

As established in Plaintiffs' Opposition to Defendant's Motion to Dismiss in Nos. 98-7265C and 98-72613C previously filed with this Court, the FmHA issued mortgages to the original owners of Viewmont and Heritage in or about 1977 and 1979 respectively. Declaration of James C.Y. Koh dated November 16, 2000, originally filed in support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment but subsequently included in the Appendix to Plaintiff's Opposition to Defendant's Motion to Dismiss filed on or about April 15, 2005 ("James Koh Decl.") ¶ 2 (Pl. App. 14, 18, 23). On June 30, 1989, both properties were assumed by Maria Koh, Audrey Koh, Barbara Koh, Christopher Koh, and David Koh. James Koh Decl, Exs. A & B (Pl. App. 18-27). The Assumption Agreements signed by the owners incorporated the terms of the original promissory notes and mortgages issued for the properties, including the prepayment right set forth in the promissory notes. James Koh Decl., Exs. A & B (Pl. App. 18-27).

In April 1991, as part of family estate planning, the Koh children established the ABCD Trust and, by quit claim deed, transferred to ABCD their interests in Viewmont and Heritage. *See* Declaration of Christopher J. Koh ("Christopher Koh Decl.") ¶ 4 and Ex. A, filed herewith. Under the terms of the ABCD Trust, the Koh children retained at all times beneficial ownership rights to the two properties. Under the terms of the Trust Agreement, the Trust Estate – including the Viewmont and Heritage properties – was held and managed by the Trustees "for the benefit of Trustors" (the four Koh children). ABCD Trust Agreement (Christopher Koh Decl., Ex. A) Article III and ¶ 3.1. In turn, the Trustees were given as to the Trust Estate, "all

the rights, powers, and privileges which an absolute owner of the same property would have, …" *Id.*, Article IV. Because the Trust was created as a revocable trust, the four children as Trustors retained a right to amend or terminate the Trust or any part of the principal of the Trust Estate and to have the assets of the Trust redistributed "in equal shares to Trustors." Article III, ¶ 3.2. Thus, under the Trust Agreement, the Koh children, as Trustors, retained the ability to reinstate their individual ownership interests in the Viewmont and Heritage properties. In addition, the Trustees of ABCD are David and Christopher Koh, two of the Koh children.

Like her children, Maria Koh also transferred her individual interest in Viewmont and Heritage to a trust – in her case, the James C.Y. Koh and Maria L. Koh Trust ("the Koh Parents' Trust"). *See* Christopher Koh Decl., Ex. D. The transfer was made by quit claim deed in April 1991. Christopher Koh Decl. ¶ 8. Like her children, Maria Koh continued to have beneficial ownership rights in the two properties through the Trust, as well as the right to reinstate her individual interest in the properties through the power of revocation granted the Trustors of the Koh Parents' Trust. *Id.* Maria Koh was originally a Trustee as well, and David and Christopher Koh are currently Trustees of the Koh Parents' Trust. *Id.*

**ARGUMENT**

**The Kohs Are Proper Parties**

In order to invoke Tucker Act jurisdiction over a claim founded on contract, a plaintiff must establish that it is the proper party to maintain a cause of action and possesses privity of contract with the government. 28 U.S.C. §1491. On the facts as recited above, the Kohs are proper parties in that they possess privity of contract with the government and they remain the real parties in interest as beneficiaries and trustors under the revocable Koh family trusts.

In the context of RCFC 17(a), the "real party in interest" is defined as "the party that possesses the substantive right under which the suit is brought." *Wall Indus., Inc. v. United States*, 15 Cl. Ct. 796, 803 (1988), *aff'd* 883 F.2d 1027 (Fed. Cir. 1989). *See also General Dynamics Corp. v. United States*, 47 Fed. Cl. 514, 530 (2000) (real party in interest status requires that the plaintiff have a present and substantial interest in the relief sought) (also quoting *Moore's Federal Practice*, 3d ed., Vol. 4, §17.10[1] ("Real parties in interest are the persons or entities possessing the right or interest to be enforced through the litigation.")); *First Annapolis Bancorp, Inc. v. United States*, 54 Fed. Cl. 529, 542 (2002) (real party in interest is one who has a "real, actual, material or substantial interest in the subject matter of the action").

Based on the evidence set forth above, the Kohs possess "the substantive right under which [this] suit is brought." *Wall Indus., Inc. supra.* They contracted with the government, acquiring the right sought to be enforced through this litigation, thereby satisfying the privity requirement.

Further, the creation of the family trusts in 1991 does not alter the Kohs' status as real parties in interest. As the beneficiaries under the trusts, they bear the impact of the government's breach. They have a "real, actual, material [and] substantial interest in the subject matter of [this] action." *First Annapolis Bancorp., Inc., supra.* Indeed, the Kohs continued to have both a beneficial and a legal interest in the two properties even after creation of the trusts. The four children are beneficiaries under the ABCD Trust, and Maria Koh is a beneficiary under the Koh Parents' Trust. As such, they have beneficial ownership of the Trust estate and its assets. *See* ABCD Trust Agreement, Article III (Christopher Koh Decl., Ex. A); Koh Parents' Trust, Article III (Christopher Koh Decl., Ex. D); *see also* Koh Parents' Trust, Article II ("Rights Reserved by the Trustors" include the right to "full use of all Trust assets" (¶ 2.1) and the right to "direct all

actions with regard to property held in this Trust" (¶2.2)) (Christopher Koh Decl, Ex. D). Further, as trustees of both trusts, Christopher and David Koh have full legal power to control the Trust assets. Christopher Koh Decl. ¶ 6. Finally, as trustors of revocable trusts, all the Kohs retain the right to reinstitute their individual interests in the two properties by compelling a redistribution of the Trust assets in equal shares. ABCD Trust Agreement, Article III, ¶ 3.2 (Christopher Koh Decl., Ex. A); Koh Parents' Trust, Article II, ¶2.1 (Christopher Koh Decl, Ex. D). Thus, for purposes of this action, although the manner in which the Kohs exercised control over the Viewmont and Heritage properties changed under the two Trust Agreements, the transfer to the Trusts did not change the fact that the Kohs continued to be the "real parties in interest" with respect to the two properties. *See Grass Valley Terrace v. United States,* 2005 WL 3297799 * 13 (Fed. Cl.) (noting that "it does not appear that this transfer [of the Koh interests into trust] altered the parties to the underlying loan agreement.").

Instructive on this point is *Brighton Village Associates v. United States,* 31 Fed. Cl. 324 (1994), *aff'd,* 52 F.3d 1056 (Fed. Cir. 1995), in which the Court of Federal Claims held that beneficiaries of a nominee trust to which a housing project had been transferred were proper parties under RCFC 17. In *Brighton Village,* the government had argued that, when dealing with a trust, the proper party is the trustee. The Court rejected this blanket rule, finding instead that in the case of a nominee trust, the true owners of trust property were the beneficiaries of the trust. *Id.* at 330. The Court indicated that a different result would be appropriate in the case of an irrevocable trust. *Id.* In reaching these disparate results, the Court focused in each instance on who the "true owners of the trust property" were within the context of RCFC 17. *Id.*

Here, the trustees, trustors and beneficiaries of the family trusts all are the Kohs, and the trusts are fully revocable. Like the beneficiaries of the trusts in *Brighton Village*, the Kohs are

the "true owners of the trust property" for purposes of RCFC 17(a). *Id.; see generally Empire Properties v. County of Los Angeles*, 44 Cal. App. 4th, 52 Cal. Rptr. 2d 69 (1996) (for purposes of property tax reassessment, "change in ownership" did not occur upon creation of revocable family trust, or when real property was transferred into revocable trust, but rather occurred when trust became irrevocable upon grantor's death and full beneficial interests transferred to grantor's daughters as residual beneficiaries of trust.); *cf. In re Schmitt*, 215 B.R. 417 (9th Cir. BAP 1997) (under Oregon law, settlor of revocable trust would be treated as owner of the trust: "the settlor's retention of the right to revoke … makes him the owner…").[1] Accordingly, the Kohs are real parties in interest in this matter under RCFC 17.

**CONCLUSION**

For the reasons set forth above, plaintiffs respectfully request that the following be substituted as real parties in interest, consistent with RCFC 17: Maria Koh, Audrey Koh, Barbara Koh, Christopher Koh, and David Koh.

Respectfully submitted,

s/ Jeff H. Eckland
JEFF H. ECKLAND
Mark J. Blando, Of Counsel
ECKLAND & BLANDO LLP
500 Lumber Exchange
10 South Fifth Street
Minneapolis, Minnesota 55402

[1] This result also finds support in the law of Washington, the state under whose law the Koh trusts were created. *See generally Estate of Overmire v. American National Red Cross*, 58 Wash. App. 531, 794 P.2d 518 (1990) (trustor retains interest in property to extent he or she retains power to revoke the trust or is named as beneficiary of the trust); *Phillips v. Glab*, 1998 WL 855506 (Wash. App. Div. 3 1998) (noting that in creation of express trust, settlor may make himself the trustee or one of the trustees, thus retaining the legal title in whole or part, or can make himself the beneficiary or one of the beneficiaries of the trust, thus retaining equitable ownership in whole or part).

Telephone: (612) 236-0160
Facsimile: (612) 236-0179

Jerry W. Snider, Of Counsel
William L. Roberts, Of Counsel
Mark D. Savin, Of Counsel
FAEGRE & BENSON LLP
2200 Wells Fargo Center
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

*Attorneys for Plaintiffs*

Dated: February 2, 2006

**Filed Electronically**

M2:20771330.06