USDA-FmHA
Form FmHA 1965-9
(Rev. 9/87)

# MULTIPLE FAMILY HOUSING ASSUMPTION AGREEMENT

| Type of Loan: (Check one) | ☒ RRH | ☐ LH | ☐ RHS |
|---|---|---|---|
| Terms: (Check one) | ☒ Same | ☐ New | |
| Case Number: | 56-018-0027302-60 | | |

AFTER RECORDING RETURN TO:
United States of America
Farmers Home Administration
GSA Center
15th SW & "C" Streets
Auburn, WA 98001

Viewmont East

THIS AGREEMENT dated June 30, 19 89, is between the United States of America, acting through the Farmers Home Administration (herein called the Government), and the assuming parties, Maria L. Koh, Audrey S. Koh, Barbara E. Koh, Christopher J. Koh, David A. Koh

(herein called Borrower), whose mailing address is 6669 NE Windermere Road, Seattle, Washington 98115

The Government is the holder of debt instrument(s) executed by Terry L. Gilmore, Ronald L. Olson, Patricia M. Gilmore, Sue Ellen Olson (a joint venture) and identified as follows:

TABLE I

| Kind Of Instrument | Date Executed | Principal Amount | UNPAID ON DATE HEREOF Principal | Accrued Interest | Late Fees | Int. Rate | Ins. Charge Rate |
|---|---|---|---|---|---|---|---|
| Promissory Note | 12-16-1977 | $1,499,950.00 | $1,433,141.49 | | | 8.0% | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | Totals | $1,433,141.49 | | | 8.0% | |

And such loans are secured instrument(s) taken on property described therein which is located in Kitsap County, State of Washington

TABLE II

| Type Instrument | Date Executed | Office Where Recorded | Book/Volume/ Document Number | Page Number |
|---|---|---|---|---|
| Real Estate Deed of Trust | 12-16-1977 | Kitsap County Auditor | (Reel 130) 7712200071 | Frame 767 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

8907070070

FmHA 1965-9 (Rev. 9/87)

Position 2

REEL504FR 496

APP. 18

EXHIBIT A

In consideration of the assumption of indebtedness and subsidy as herein provided and the Government's consent to this assumption and related conveyance of the security property, if applicable, it is agreed as follows:

1. The assuming parties hereby jointly and severally assume liability for and agree to pay to the order of the Government at the office of the Farms Home Administration shown below (or other as may later be specified) the amounts, including all obligations and duties under any note or other security instrument identified above, the principal sum of ONE MILLION FOUR HUNDRED THIRTY-THREE THOUSAND ONE HUNDRED FORTY-ONE & 49/100-------------- dollars ($1,433,141.49) plus interest at the rate of EIGHT percent (8.000 %) per annum, payable in installments as follows:

☐ a. $_____ on _____, 19__, and $_____ thereafter on the _____ of each _____ until the principal and interest are fully paid, except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable on or before _____, _____:

☒ b. Upon completion of this assumption all payments will be converted to the Predetermined Amortization Schedule System (PASS) and, the first installment in the amount of $ 10,022.75 will be due and payable on August 1, 1989. Thereafter, regular installments, each in the amount of $10,022.75 will be due and payable on the First day of each month until the principal and interest are fully paid, except that the final installment of the entire indebtedness evidenced hereby, if not paid sooner, shall be due and payable on or before December 16, 2027.

2. Payments of principal and interest shall be applied in accordance with Farmers Home Administration's accounting procedures in effect on the date of the receipt of the payment. The Borrower agrees to pay late charges in accordance with Farmers Home Administration regulations in effect when a late change is assessed.

3. The provisions of said debt and security instruments and of any outstanding agreement executed or assumed by the present debtors pertinent thereto shall, except as modified herein, remain in full force and effect, and the assuming parties hereby assume obligations of and agree to be bound by and comply with all covenants, agreements and conditions contained in said instruments and agreements, except as modified herein, the same as if they had executed them as of the dates thereof as principal obligors.

4. Provisions of the debt and security instrument(s) which require that the borrower graduate to another credit source do not apply to an assumption on ineligible terms. (An assumption on ineligible terms has been identified by the approval official and so noted in the official case file maintained at the FmHA office noted in this document.)

5. The property secured by the instruments described in Table II was obtained or improved through Federal financial assistance. This property is subject to the provisions of Title VI of the Civil Rights Act of 1964 and the regulations issued pursuant thereto for so long as the property continues to be used for the same or similar purpose for which financial assistance was extended or so long as the purchaser owns it, whichever is longer.

6. This Agreement is subject to present regulations of the Farmers Home Administration and to its future regulations which are not inconsistent with the express provisions hereof.

7. See Attachment A (RESTRICTIVE USE CLAUSE)
8. See Attachment B (COVENANTS AND AGREES TO)

REEL504FR 497

UNITED STATES OF AMERICA

By Donald D. Wagoner
for JACKIE J. GLEASON
District Director I
(Title)

FARMERS HOME ADMINISTRATION

GSA Center, 15th SW & "C" Streets
(Office Address)
Auburn, Washington 98001 55

Maria L. Koh
MARIA L. KOH (Borrower)

Audrey S. Koh by James C-Y Koh POA
AUDREY S. KOH (Borrower)

Christopher J. Koh by James C-Y Koh POA
CHRISTOPHER J. KOH (Borrower)

Barbara E. Koh by James C-Y Koh POA
BARBARA E. KOH (Borrower)

David A. Koh by James C-Y Koh POA
DAVID A. KOH

8907070070

ATTACHMENT A

This is to be attached to the Assumption Agreement dated 6-30-89, the assuming parties are: Maria L. Koh, Audrey S. Koh, Christopher J. Koh, Barbara E. Koh, David A. Koh.

7. The borrower and any successors in interest agree to use the housing for the purpose of housing people eligible for occupancy as provided in Section 514 or Section 515 of Title V of the Housing Act of 1949 and FmHA regulations then extant during this 20 year period beginning June 30, 1989. No person occupying the housing shall be required to vacate prior to the close of such 20 year period because of early prepayment. The borrower will be released during such period from these obligations only when the Government determines that there is no longer a need for such housing or that such other financial assistance provided due to no fault, action or lack of action on the part of the borrower. A tenant may seek enforcement of this provision as well as the Government.

MLK
ASK
BEK
CJK
DAK

8907070070

REEL 504 PG 499

FILED FOR RECORD
REQ. OF
TRANSAMERICA TITLE INS. CO.
89 JUL -7 AM 9:17
KAREN FLYNN
KITSAP COUNTY AUDITOR
DEPUTY

ATTACHMENT B

This is to be attached to the Assumption Agreement dated 6-30-89, the assuming parties are: Maria L. Koh, Audrey S. Koh, Christopher J. Koh, Barbara E. Koh, David A. Koh.

8. The assuming parties covenants and agrees that (a) no present or future lien(s) have been or will be attached to the property project accounts, or to any revenue from operation of the property encumbered by FmHA or the income therefrom, (b) the equity payable to the seller will be provided from outside source or from any authorized return on investment and not from a planned sale of the project, or additional membership interest (c) the right of FmHA to approve or disapprove the substitution of owners, or general and limted partners has not and will not be superseded by any agreement between the purchaser and seller that implies prior consent by FmHA on partner changes in the case of default, (d) the seller does not and will not have a reversionary interest in the FmHA encumbered p;roperty, and (e) the requirements of Section 1965.65 of FmHA instruction 1965-B(7 CFR 1965.65) have been met.

MLK
ASK
BEK
CJK
DAK

8907070070

STATE OF Washington }
County of King } ss.

On this 30th day of June, A.D. 19 89, before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn personally appeared James C.Y. Koh

to me known to be the individual who executed the foregoing instrument as attorney in fact of Barbara E. Koh, Audrey S. Koh, David A. Koh and Christopher J. Koh

therein described, and acknowledged to me that ___he signed and sealed the said instrument as such attorney in fact for said principal, freely and voluntarily, for the uses and purposes therein mentioned, and on oath stated that the power of attorney authorizing the execution of this instrument has not been revoked and that the said Barbara E. Koh, Audrey S. Koh, David A. Koh and Christopher J. Koh is now living.

WITNESS my hand and official seal hereto affixed the day and year in this certificate first above written.

NOTARY PUBLIC 1-18-90 STATE OF WASHINGTON

[signature]

Notary Public in and for the State of Washington

Commission expires: 01-18-90

residing at Bainbridge Island

(Acknowledgment by Attorney in Fact, Northwestern Title Company)

NWT-13

STATE OF Washington }
County of King } ss.

On this 29th day of June, A.D. 19 89, before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn personally appeared Maria L. Koh

to me known to be the individual ___ described in and who executed the foregoing instrument, and acknowledged to me that she ___ signed and sealed the said instrument as her free and voluntary act and deed for the uses and purposes therein mentioned.

WITNESS my hand and official seal hereto affixed the day and year in this certificate above written.

NOTARY PUBLIC STATE OF WASHINGTON

[signature]

Notary Public and and for the State of Washington

residing at Bainbridge Island

My commission expires 01-18-90

(Acknowledgement by Individual Northwestern Title Company)

NWT-10

8907070070 REEL504FR 500