CLIENT COP

# THE ABCD TRUST

## REVOCABLE TRUST AGREEMENT

*hugh w. rehberg*
ATTORNEY AT LAW
19415 Pacific Highway South
Seattle, Washington 98188-5387
(206) 246-8772

EXHIBIT C

6.2

# THE ABCD TRUST


| | | |
|---|---|---|
| ARTICLE I | THE TRUST ESTATE | Page 1 |
| ARTICLE II | DURATION | Page 1 |
| ARTICLE III | BENEFICIARIES, PURPOSES AND DISTRIBUTIONS | Page 2 |
| ARTICLE IV | POWERS AND DUTIES OF THE TRUSTEE | Page 3 |
| ARTICLE V | ACCOUNTING | Page 4 |
| ARTICLE VI | TRUSTEES | Page 5 |
| ARTICLE VII | GENERAL PROVISIONS | Page 6 |
| ARTICLE VIII | CONTROLLING LAW | Page 8 |
| SCHEDULE A | ASSETS | Page 9 |
| ACKNOWLEDGMENT | | Page 10 |

# THE ABCD TRUST

TRUSTORS, AUDREY S. KOH, BARBARA E. KOH, CHRISTOPHER J. KOH, AND DAVID A. KOH, establish this Trust and state and declare as follows:

This Trust, for purposes of identification, shall be called the THE ABCD TRUST. TRUSTEES shall be JAMES C. Y. KOH and MARIA L. KOH.

## ARTICLE I

THE TRUST ESTATE

1.1 Trustors have herewith assigned, transferred and conveyed to Trustees the property described in Schedule A attached hereto, receipt of which is hereby acknowledged by the Trustees, and hereinafter designated as the Trust Estate, which shall be held by the Trustees, in trust, for the uses and purposes and upon the terms and conditions hereinafter set forth.

1.2 Any additional assets transferred to the Trustees of this Trust shall be added to the Trust assets and administered and distributed in the same manner as provided herein for all assets.

## ARTICLE II

DURATION

2.1 This Trust shall continue during such time as either of the initial Trustees, namely James C. Y. Koh and Maria L. Koh, is alive, capable and willing to serve as Trustee. In the event of the death, incapacity (as defined in Paragraph 6.9 hereof), or resignation of both James and Maria, then this Trust may be continued or terminated by a majority vote of the Trustors.

## ARTICLE III

BENEFICIARIES, PURPOSES AND DISTRIBUTION

Trustees shall hold and manage the Trust Estate as follows:

3.1 This Trust shall be for the benefit of Trustors, namely; Audrey S. Koh, Barbara E. Koh, Christopher J. Koh, and David A. Koh.

3.2 By a majority agreement of the surviving Trustors (after neither initial Trustee is serving as Trustee), this Trust may be amended or terminated or any part of the principal of the Trust Estate may be distributed. Distribution shall be in equal shares to Trustors, subject to the provisions of the following paragraphs.

3.3 Should a Trustor be deceased and have surviving children at the time of the termination of this Trust, or at such time any part of the principal is distributed, his or her share shall go in equal parts to said surviving children, subject to the provisions of the following paragraph. Should a Trustor be deceased and have no surviving children at the time of the termination of this Trust, or at such time any part of the principal is distributed, such deceased Trustor's share of the Trust Estate shall be added to the shares of the other Trustors, surviving and deceased, and distributed as those shares have been or will be distributed.

3.4 Distribution to Children. Each share allocated to a surviving child of Trustors shall be distributed to such beneficiary at the time of allocation providing he or she has reached the age of twenty-five years. In the event a beneficiary has not reached the age of twenty-five years, then his or her share shall be held and administered as a sub-trust and Trustee shall use so much of the income or principal from the beneficiary's share as Trustee deems necessary for the beneficiary's maintenance, support and education to the age of twenty-five, considering the availability to the beneficiary of other sources of funds. When the beneficiary shall attain the age of twenty-five years, the remainder of his or her share shall be distributed to him or her.

3.5 At any time the expenses of managing Trust assets exceed the Trust income, then such excess expenses shall be shared equally by Trustors or in such manner as the Trustees deem appropriate based upon which family members are benefiting from Trust assets.

3.6 At such time as both initial Trustees are deceased the following provisions shall apply to the property located at 6669 N.E. Windermere Road, Seattle, Washington, 98115. This residence may be sold to one of the Trustors of the ABCD TRUST. The value shall be set no greater than that of the King County Tax assessors. Trustor Christopher J. Koh shall have the first right of purchase followed by Trustors David A. Koh, Audrey S. Koh, and Barbara E. Koh, respectively. The new owner of this house (one of Trustors) must actually reside in the home and is prohibited from selling this property for a minimum of five years.

3.7 At any time any real property held in Trust is to be sold, the surviving Trustors shall each have the first right to purchase such property at a reasonable fair market value. Any deed conveying such property to a Trustor shall contain a provision which states "title to such property shall not pass from Trustor to any individual or organization other than the remaining surviving Trustors until the remaining surviving Trustors shall each have first been given the right to purchase such property at a reasonable fair market value."

ARTICLE IV

POWERS AND DUTIES OF THE TRUSTEES

Trustees shall have as to the Trust Estate and in the execution of this Trust all the rights, powers, and privileges which an absolute owner of the same property would have, including, without limiting the generality of the foregoing, the powers granted by law and the discretionary power to acquire, invest, reinvest, exchange, sell, convey, control, divide, partition, and manage the Trust property in accordance with the standards provided by law, and the following special rights, powers, privileges, and duties:

4.1 In acquiring, investing, reinvesting, exchanging, selling and managing property hereunder, Trustee shall exercise the judgment and care under the circumstances then prevailing which men of prudence, discretion and intelligence exercise.

4.2 Trustee shall have as to the Trust Estate and in the execution of the direction of this Trust the following specific rights, powers, and privileges:

4.2.1 To hold and retain any property received in trust hereunder even though such property not be of a character authorized by the laws of the State of Washington.

4.2.2 To sell and convey any of the property of the Trust Estate or any interest therein, or to exchange the same for other property, for such price or prices and upon such terms as in Trustee's discretion and judgment may be deemed for the best interest of the Trust and the beneficiaries hereunder, and to execute and deliver any deed or deeds (with or without warranty), receipts, releases, contracts or other instruments necessary in connection therewith.

4.2.3 To buy, sell and trade, securities on margin or in a margin account, commodities or commodity futures of any type and in any manner, securities options either privately or through an exchange, puts and calls, other securities or assets of a similar type, precious metals, gems, and similar tangible items, and Trustee, may pledge any securities held or purchased as security for loans or advances made to the Trust or elsewhere, and Trustee may borrow funds in any manner, under any conditions, and with or without collateral, including in operation of a money management account and any related credit card or similar type activities.

4.3 Trustee may distribute any amounts of income or principal to any Trustor or for a Trustor's benefit as Trustee deems appropriate. Such distribution shall be in Trustees absolute and sole discretion and binding on all parties.

4.4 Trustee shall have a right to make loans to Trustors from the Trust assets. In the event there is an outstanding balance owed on such loan at the time of distribution, then such outstanding balance shall be deducted from such Trustors eventual distributive share.

ARTICLE V

ACCOUNTING

5.1 Trustees shall be relieved from the duties which would otherwise be required by state law relating to accounting by Trustees in force at the time of the execution of this Agreement and any amendment or amendments thereof, and any similar Act or Acts of this or any other jurisdiction; and in lieu thereof, Trustee shall furnish to present beneficiaries, and if any beneficiary is a minor or under a legal disability then to the beneficiary's parent or guardian, a statement of accounting of their administration upon a reasonable request to do so.

ARTICLE VI

TRUSTEES

6.1 Initial Trustees shall be James C. Y. Koh and Maria L. Koh. In the event of the death, incapacity (as defined in Paragraph 6.9 hereof), or resignation of a Trustee, the survivor Trustee shall be sole Trustee. At such time as neither Trustee is serving, Trustors Audrey S. Koh, Barbara E. Koh, Christopher J. Koh, and David A. Koh shall be Co-Trustees. In the event of the death, incapacity, or resignation of a Trustor-Trustee, the others shall serve alone.

6.2 Trustees named herein and successor Trustees shall not be required to furnish bond or other security for performance of their duties in any jurisdiction.

6.3 Successor Trustees in every case shall succeed to all the powers, authority, and discretion and be subject to all of the duties and responsibilities of each predecessor, but may accept the Trust Estate as offered at the time of succession and need not audit or inquire into the activities of any predecessor Trustee in any way. Successor Trustees shall not be liable for any breaches of trust by preceding fiduciaries.

6.4 Trustee shall receive no compensation, however, in the event any Trustee is called upon to perform extraordinary services outside the normal range of duties, said Trustee shall be paid reasonable and adequate compensation therefor. Any Trustee or

Co-Trustee entitled to such fees may waive all or any part of them. Trustee is additionally entitled to reimbursement for any and all reasonable out-of-pocket costs.

6.5 Any Trustee, or designated successor Trustee, may resign trusteeship of this Trust by giving the Trustors a notice of resignation in a notarized statement no less than thirty days in advance, or in the event no Trustors are alive and capable, by giving such written notice to the acting Trustee, named successor Trustee, and all present beneficiaries and if any beneficiary is a minor or under a legal disability then such notice shall be made to the beneficiary's parent or guardian.

6.6 During the administration of this Trust by more than two Co-Trustees, unless specifically provided otherwise herein, all Trustee powers and duties shall be exercised and all transactions shall be effective upon the acts and signatures of a majority of the Co-Trustees then serving.

6.7 A Co-Trustee may at any time, by a notarized statement delivered to any other acting Trustee, delegate the exercise of the Trustee powers to the other acting Trustee, and in like manner at any time revoke such delegation. Any Trustee so delegating his or her powers shall receive no Trustee compensation so long as those powers are delegated.

6.8 A Trustee shall not be barred or disqualified from acting in a fiduciary capacity other than, and in addition to, Trustee of this Trust in matters and decisions hereunder, regardless of whether his or her interest conflicts with those of any beneficiary, or whether he or she is acting alone or with other Trustees.

6.9 If an acting Trustee, because of illness or other reason, is incapable of directing or managing the Trust affairs, such Co-Trustees or successor Trustee as are designated in Paragraph 6.1 to continue or assume the responsibilities of Trustee shall, upon being furnished with affidavits of two competent medical doctors as to such incapacity, assume full duties as Trustee for so long a time as the incapacity continues to exist. If a Trustor is similarly declared incapacitated, the rights reserved by the Trustor in Article II and III hereof shall be suspended. Restoration of competency, established by similar medical evidence, shall reinstate the Trustor's or Trustee's standing.