# JAMES C. Y. AND MARIA L. KOH TRUST


| | | |
|---|---|---|
| ARTICLE I | THE TRUST ESTATE | Page 1 |
| ARTICLE II | RIGHTS RESERVED BY THE TRUSTORS | Page 1 |
| ARTICLE III | PURPOSE, BENEFICIARIES AND DISTRIBUTIONS | Page 2 |
| ARTICLE IV | POWERS AND DUTIES OF THE TRUSTEE | Page 3 |
| ARTICLE V | ACCOUNTING | Page 7 |
| ARTICLE VI | TRUSTEES | Page 8 |
| ARTICLE VII | MISCELLANEOUS PROVISIONS | Page 11 |
| ARTICLE VIII | CONTROLLING LAW | Page 12 |
| SCHEDULE A | ASSETS | Page 13 |
| SCHEDULE B | DISTRIBUTIONS FROM THE TRUST ESTATE | Page 14 |
| | SECTION I - BOTH TRUSTORS LIVING | Page 14 |
| | SECTION II - FIRST TRUSTOR DECEASED | Page 15 |
| | SECTION III - SURVIVOR TRUSTOR DECEASED | Page 18 |
| | SECTION IV - GENERAL PROVISIONS | Page 22 |
| ACKNOWLEDGMENT | | Page 25 |

POUROVER WILLS


EXHIBIT D

JAMES C. Y. AND MARIA L. KOH TRUST

LIVING TRUST AGREEMENT

TRUSTORS, JAMES C. Y. KOH and MARIA L. KOH, husband and wife, and TRUSTEES, JAMES C. Y. KOH and MARIA L. KOH, agree to the following:

This Trust, for purposes of identification shall be called the JAMES C. Y. AND MARIA L. KOH TRUST.

ARTICLE I

THE TRUST ESTATE

1.1 This Agreement shall apply to the assets described in Schedule A, attached hereto and made a part of this Agreement by this reference; and

1.2 Any other assets transferred to the Trustee of the Trust herein created. The property being at the time administered by the Trustee hereunder shall be referred to as the Trust Estate.

ARTICLE II

RIGHTS RESERVED BY THE TRUSTORS

Trustors reserve the following rights:

2.1 To revoke or modify this Trust or withdraw any part of the Trust assets at any time. Trustors shall have full use of all Trust assets as they may choose without obligation to compensate the Trust in any way or account to anyone.

James C. Y. Koh

Maria L. Koh

However, nothing in this Trust and its Schedules shall be construed to give either Trustor the right, acting alone, to amend or revoke this Trust as to the other Trustor's interest or to utilize assets in such a way that would be inconsistent with the ownership interests of the other Trustor; and if either Trustor has ceased to act as Trustee, the powers, duties and liabilities of any acting Trustee shall not be materially changed without the written consent of such Trustee.

2.2 To direct all actions with regard to property held in this Trust.

2.3 To direct the distribution of income from the Trust Estate.

2.4 To add to the Trust Estate other property acceptable to the Trustee.

2.5 While both Trustors are acting as Trustee, all transactions involving real or personal property held hereunder shall be effective upon the act and signature of one Trustor-Trustee, except as limited elsewhere in this Trust and its Schedules as to the other Trustor's interest; and provided that nothing in this paragraph or elsewhere in this Trust or its Schedules shall be construed to be creating a gift from one spouse to the other, or creating any gift tax liability as a result of the rights or privileges provided herein.

## ARTICLE III

PURPOSE, BENEFICIARIES AND DISTRIBUTIONS

3.1 The purposes of this Trust are to provide for Trustors' care and welfare during each of their lifetimes, to provide for the management of Trustors' property in the event of the incapacity of either of them, and to ensure an orderly, prompt and economical transition of the Trustors' assets upon their deaths to the distributees and beneficiaries identified in Schedule B, attached hereto, and made a part of this Agreement by this reference.

3.2 While both Trustors are alive, the Trust shall provide to the Trustors or to their order, so much of the income or principal, or both, as they shall direct.

James C. Y. Koh

Maria L. Koh

3.3 Upon the death of each of the Trustors, Trustee shall administer the Trust assets, or pay them over, in the manner designated in Schedule B.

3.4 If an acting Trustee, because of illness or other reason, is incapable of directing or managing the Trust affairs, the Trustee provided for in Paragraph 6.1 shall, upon being furnished with affidavits of two competent medical doctors as to such incapacity, assume full duties as Trustee for such time as the incapacity continues to exist. If a Trustor is similarly declared incapacitated, those powers reserved by Trustors in Article II hereof shall be suspended as to the incapacitated Trustor and retained in full by the other Trustor during such incapacitation, except as to withdrawals, amendments and revocation involving the incapacitated Trustor's interest. If both Trustors or the survivor Trustor are incapacitated, the rights reserved by Trustors in Article II hereof shall be suspended. Restoration of competency, established by similar medical evidence, shall reinstate Trustor's or Trustee's standing.

## ARTICLE IV

<u>POWERS AND DUTIES OF THE TRUSTEE</u>

Trustee shall have as to the Trust Estate and in the execution of this Trust all the rights, powers, and privileges which an absolute owner of the same property would have, including, without limiting the generality of the foregoing, the powers granted by law and the following special rights, powers, and privileges:

4.1 In acquiring, investing, reinvesting, exchanging, selling and managing property hereunder, Trustee shall exercise the judgment and care under the circumstances then prevailing which men of prudence, discretion and intelligence exercise.

4.2 Trustee may freely act under any of the powers set forth in this Trust Agreement in all matters concerning this Trust, without the necessity of obtaining the consent or permission of any person interested herein, or the consent or approval of any court, and notwithstanding that Trustee may also be acting individually, or as a trustee of other trusts, or as an agent for other persons or corporations interested in the same matters, or may be interested in connection with the

/s/ James C. Y. Koh
James C. Y. Koh

/s/
Maria L. Koh

same matters as a stockholder, director, or otherwise; provided, however, that Trustee shall exercise such powers at all times in a fiduciary capacity, primarily in the interest of the Trustors and beneficiaries hereunder. It is expected that Trustee will consult with Trustors, or survivor Trustor, and any adult beneficiaries then receiving benefits, with regard to transactions of the Trust, but no approval for such transactions need be obtained unless specifically provided otherwise herein.

4.3 Subject to the foregoing provisions, Trustee shall have as to the Trust Estate and in the execution of the directions of this Trust the following specific rights, powers, and privileges:

4.3.1 To hold and retain any property received in trust hereunder even though such property not be of a character authorized by the laws of the controlling state including but not by way of limitation, retention of shares of stock issued by any corporate trustee hereunder, and retention of assets received in trust, even though they may represent an undue proportion of the Trust Estate, are wasting in nature or unproductive, are improved or unimproved, are inherently hazardous or are otherwise disqualified for trust investments. Any or all securities of any kind included in the Trust Estate may be held in the names of the nominees of Trustee.

4.3.2 To rent or lease any property for such time and upon such terms and for such price or prices as in Trustee's discretion and judgment may seem just and proper and for the best interest of the Trust and the beneficiaries hereunder, irrespective of the provisions of any statute or of the termination of any trust.

4.3.3 To sell and convey any of the property of the Trust Estate or any interest therein, or to exchange the same for other property, for such price or prices and upon such terms as in Trustee's discretion and judgment may be deemed for the best interest of the Trust and the benficiaries hereunder, and to execute and deliver any deed or deeds (with or without warranty), receipts, releases, contracts or other instruments necessary in connection therewith.

/s/ James C. Y. Koh
James C. Y. Koh

/s/
Maria L. Koh

4.3.4 To make all repairs and improvements at any time deemed necessary and proper to, and upon, real property constituting a part of the Trust Estate, and to build, construct, and complete any building or buildings upon such property which in Trustee's discretion and judgment may be deemed advisable and proper and for the best interest of the Trust and the beneficiaries hereunder, and to determine the extent to which the cost of such repairs and improvements shall be apportioned as between principal and income.

4.3.5 To deduct, retain, expend, and pay out of any money belonging to the Trust any and all necessary and proper expenses in connection with the operation and conduct of the Trust, and to pay all taxes, insurance premiums, and other valid assessments, debts, claims or charges which at any time may be due and owing by, or which may exist against, the Trust.

4.3.6 To continue after survivor Trustor's death, or during survivor Trustor's incapacity, any insurance policies owned by Trustors on the life of any person or persons and to pay premiums, assessments, and any other proper charges out of income, principal, or both, as Trustee deems best; and Trustee shall have full discretionary power to exercise any or all rights granted under any such policies, such as the right to take a premium loan, elect paid-up insurance or surrender the policies.

4.3.7 Nothing in this Trust Agreement or any insurance policy ownership or beneficiary endorsement signed by either or both Trustors shall be construed to give any Trustor or Trustee any incidents of ownership in any policy which would cause the proceeds to be taxed in the insured's estate. The right reserved by Trustors to amend this Trust shall not be construed as reserving to an insured Trustor the right to affect the disposition of proceeds of any life insurance policy on his or her life.

4.3.8 To employ such agents and counsel as may be necessary or desirable in Trustee's discretion for the proper administration of this Trust, or in its defense against legal or equitable attack, without liability

/s/ James C. Y. Koh
James C. Y. Koh

/s/
Maria L. Koh

for the acts or defaults of such agents and attorneys selected by them with due care; to pay a reasonable fee for such services, and to act in reliance upon the opinion or legal advice of such counsel.

4.3.9 To determine what is income or principal of the Trust Estate and to proportion and allocate in Trustee's discretion receipts and disbursements as between those accounts, notwithstanding the provision of any Principal and Income Act or any other statutes of the controlling state or any laws or any other jurisdiction wherein this Trust is administered, but subject to any special restriction, if any, set forth in Schedule B. And, however, in any case where a decision as to management of any asset of the Trust Estate is undertaken by survivor Trustor-Trustee then the state laws governing this Trust regarding determination of income and principal shall govern.

4.3.10 To issue proxies to any of the adult beneficiaries of this Trust for voting stock of the Trustee corporation in the event the Trustee of this Trust is a corporation.

4.3.11 To pledge any asset or assets of the Trust Estate to secure financing from any source for a corporation wholly or partially owned by the Trust.

4.3.12 Within the limitations of the standards outlined in this Article, Trustee is authorized to acquire and retain every kind of investment, specifically including, but not by way of limitation, bonds, debentures, and other corporate obligations and stocks, preferred or common.

4.3.13 At any time Trustors, or either of them, are also acting as a Trustee, he, she, or they may, in their sole discretion, buy, sell and trade: securities on margin or in a margin account, commodities or commodity futures of any type and in any manner, securities options either privately or through an exchange, puts and calls, other securities or assets of a similar type, and he, she, or they may pledge any securities

James C. Y. Koh

Maria L. Koh