held or purchased as security for loans or advances made to the Trust or elsewhere. A Co-Trustee who is not a Trustor shall have no liability for such investments.

4.3.14 Trustee is authorized to hold Trust assets in two separate brokerage Trust accounts having two separate purposes; one being growth and the other being income. Trustee is also authorized to hold Trust assets in two separate brokerage Trust accounts to meet the requirement of the division of Trust assets into the Marital Trust and Family Trust if applicable (Ref. Schedule B).

4.3.15 If Trustee, or successor hereunder, is named as trustee under any other trust agreement containing provisions similar to the provisions contained herein, Trustee is authorized and empowered to consolidate the Trust created hereunder with any such other trust or trusts insofar as it is practicable to do so and it is not in conflict with the express terms of this Trust or of such other trusts. Variations in minor details as to the management and distribution of the Trust Estate shall not be considered conflicting within the meaning of this paragraph. The determination by Trustee as to any consolidation hereunder shall be final and conclusive on all parties interested in the Trust Estate.

## ARTICLE V

**ACCOUNTING**

5.1 Trustee shall be relieved from the duties which would otherwise be required by state law relating to accountings by Trustees in force at the time of the execution of this Agreement and any amendment or amendments thereof, and any similar Act or Acts of this or any other jurisdiction; and in lieu thereof, Trustee shall furnish to present beneficiaries, and if any beneficiary is a minor or under a legal disability then to the beneficiary's parent or guardian, a statement of accounting of administration upon reasonable request to do so. However, this requirement of accounting to beneficiaries shall not apply as long as either Trustor is an acting Trustee.

/s/ James C. Y. Koh
James C. Y. Koh

/s/
Maria L. Koh

## ARTICLE VI

**TRUSTEES**

6.1 Initial Trustees shall be Trustors James C. Y. Koh and Maria L. Koh. In the event of the death, incapacity as defined in Paragraph 3.4 hereof, or resignation of either Trustor-Trustee, the other shall be sole Trustee. At such time as neither Trustor is serving as Trustee then those of Trustors' children who have reached the age of eighteen shall be Co-Trustees. In the event one or more of Trustors' children has not reached the age of eighteen at the time of survivor Trustor's death then each such child of Trustors shall become a Co-Trustee at such time as such child reaches the age of eighteen. Survivor Trustor shall have the right acting alone, in his or her sole discretion, unless incapacitated, to change, remove or add to the successor or acting Trustee or Trustees named herein, however, said designee or designees shall be limited to Trustors' children or grandchildren or a corporate Trustee authorized by law to act as Trustee; and this right shall not be considered in conflict with Paragraph 2.1.

6.2 Should an acting private successor Trustee have no named and qualified successor Trustee such Trustee shall designate in a notarized statement who his or her successor shall be, and deliver a copy thereof to the so-designated successor Trustee and all present beneficiaries, and if any beneficiary is a minor or under a legal disability then such notice shall be made to the beneficiary's parent or guardian. The right of designation granted in this paragraph includes the right to change such named successor Trustee by giving notice in the same manner, except that if such designated successor Trustee has become the acting Trustee, the right to change Trustees granted in this paragraph shall become ineffective.

6.3 Trustees named herein and successor Trustees shall not be required to furnish bond or other security for performance of their duties in any jurisdiction.

6.4 Trustee shall be paid such compensation as is at the time customarily and generally charged for like services by a Trustee or a Co-Trustee, unless the Trustee or Co-Trustee entitled to such fee chooses to waive it.

/s/ James C. Y. Koh
James C. Y. Koh

/s/
Maria L. Koh

6.5 In the event any Trustee is called on to perform extraordinary services outside the normal range of duties, said Trustee shall be paid reasonable and adequate compensation therefor, unless the Trustee or Co-Trustee entitled to such fee chooses to waive it.

6.6 Any Trustee, or designated successor Trustee, may resign trusteeship of this Trust by giving the Trustors, or survivor Trustor, a notice of his, her, or its resignation in a notarized statement no less than thirty days in advance, or in the event neither Trustor is alive and capable, by giving such written notice to the acting Trustee, named successor Trustees, and all present beneficiaries, and if any beneficiary is a minor or under a legal disability then such notice shall be made to the beneficiary's parent or guardian. No Trustee, however, shall resign unless there is a designated successor.

6.7 Successor Trustees in every case shall succeed to all the powers, authority, and discretion and be subject to all of the duties and responsibilities of each predecessor, but may accept the Trust Estate as offered at the time of succession and need not audit or inquire into the activities of any predecessor Trustee in any way. Successor Trustees shall not be liable for any breaches of trust by preceding fiduciaries.

6.8 In any event where there is only one acting Trustee, that Trustee shall have the option of requesting, in writing, the next named qualified successor Trustee to act as Co-Trustee with him or her. The named successor Trustee must in all cases be asked in the order in which named and the refusal to so act does not waive the right to act at a later time in the normal succession of Trustees as provided herein.

6.9 During the administration of this Trust by two Co-Trustees, other than while Trustors are serving together and other than situations where the survivor Trustor retains or acquires specific rights (such as Paragraph 4.3.12 relating to securities and Paragraph 2.1 relating to Trustor's rights), the Trustee powers may only be exercised, or the Trustee duties may only be carried out, by the agreement of the two Co-Trustees, and all transactions shall be effective upon the act and signatures of the Co-Trustees jointly, unless specifically provided otherwise herein. In the event

James C. Y. Koh

Maria L. Koh

of disagreement, the two Co-Trustees shall each select an arbitrator and the two arbitrators shall select a third arbitrator. A decision shall be rendered by the three arbitrators within sixty days from the time that one Trustee receives notification from the other Trustee that arbitration is requested. The decision of the majority of the arbitrators shall be final and binding on all parties. In the event a Co-Trustee fails to select an arbitrator within thirty days of receiving a request for arbitration, then the arbitrator appointed by the Co-Trustee requesting such arbitration shall decide the issue. If neither Co-Trustee selects an arbitrator within thirty days of such notification, then the arbitration proceedings must start from the beginning. Notices, instructions, and arbitration decisions provided for in this paragraph shall be in writing.

6.10 During the administration of this Trust by more than two Co-Trustees, unless specifically provided otherwise herein, all Trustee powers and duties shall be exercised and all transactions shall be effective upon the acts and signatures of a majority of the Co-Trustees then serving.

6.11 A Co-Trustee may at any time, by a notarized statement delivered to the other acting Trustee, delegate the exercise of the Trustee powers to the other acting Trustee, and in like manner at any time revoke such delegation. Any Trustee so delegating his powers shall receive no Trustee fees so long as those powers are delegated.

6.12 A Trustee shall not be barred or disqualified from acting in a fiduciary capacity other than and in addition to Trustee of this Trust in matters and decisions hereunder, regardless of whether his or her interest conflicts with those of any beneficiary, or whether he or she is acting alone or with other Trustees. Provided, however, that should a Trustee ever become both the sole Trustee and the sole beneficiary hereunder, he or she may not act alone, but a competent Co-Trustee shall be appointed by the existing Trustee in the manner provided in Paragraph 6.2 to act with him or her if there is no successor Trustee named to so serve as a Co-Trustee.

/s/ James C. Y. Koh
James C. Y. Koh

/s/
Maria L. Koh

6.13 Under any provisions established herein where a Trustee is also a potential recipient of discretionary payments from principal, such decision as to principal payments shall be made solely by the Co-Trustee, or next named successor Trustee if there is no Co-Trustee. Such decision shall be made according to the standards set forth in each case, and shall be in writing. However, this shall not apply as long as both Trustors are living and capable.

ARTICLE VII

MISCELLANEOUS PROVISIONS

7.1 Any and every action taken in good faith by Trustee in the exercise of any power, authority, judgment or discretion shall be conclusive and binding upon the persons interested in the assets of the Trust Estate. The enumeration of certain powers of the Trustee shall not limit the general powers. Trustee, subject always to the discharge of fiduciary obligations, is vested with and has all the rights, powers, and privileges which an absolute owner of the same property would have.

7.2 If at any time during which this Trust is in effect and no present beneficiaries are residents of the state in which an acting corporate Trustee is located, said beneficiaries acting unanimously may, upon giving notice in writing no less than ninety days in advance, elect to change corporate Trustee.

7.3 If at any time any trust created by this Trust document has a value of less than Twenty Thousand Dollars ($20,000.00) then, anything contained herein to the contrary notwithstanding, Trustee shall have the option of distributing the balance to the beneficiaries, persons responsible for the care of the beneficiaries, or such other persons as Trustee shall deem proper and in accordance with the objectives of this Trust.

7.4 Distributions to any beneficiary entitled thereto under the terms of this Trust or its Schedules may be made by the Trustee by deposit to the credit of such beneficiary in any bank designated by him or her. Evidence of any such deposit by Trustee shall constitute a full acquittance from the money so deposited.

James C. Y. Koh

Maria L. Koh

7.5 Notwithstanding anything contained herein to the contrary, any trust created by this instrument or its Schedules shall terminate within the period limited by the law of the state which controls an asset of that trust. In the event any trust created herein shall exceed such period, it shall be deemed terminated on the date limited by state law, and Trustee shall pay the principal and accumulated income, if any, of such trust to the beneficiary or beneficiaries then receiving distributions; but such termination and distribution shall be only to the extent required by such state law, and all other provisions of the trust shall remain in full effect.

7.6 The word "Trustee" as used in this Trust shall mean and include a male, female, or corporate Trustee or any number or combination of Co-Trustees.

7.7 In every case where Trustee is given discretionary power or direction, Trustee's decision shall be in his, her, or its sole discretion absolutely.

ARTICLE VIII

CONTROLLING LAW

8.1 This Trust has been accepted by Trustee in the State of Washington, and its validity, construction and rights shall be governed by the laws of that state. If any provision of this instrument is unenforceable, the remaining provisions, nevertheless, shall be carried into effect.

IN WITNESS WHEREOF, Trustors have subscribed each page of this Trust and its Schedules, and as initial Trustees have accepted this Trust this 18th day of June, 1979.

/s/ James C. Y. Koh
JAMES C. Y. KOH, TRUSTOR-TRUSTEE

/s/
MARIA L. KOH, TRUSTOR-TRUSTEE